AURILLA A. JOHNSON *vs.* ALBERT G. LEONARDS.

Kennebec.   Decided June 5, 1878.

*Mortgage.   Deed.*

A quitclaim deed will operate as a conveyance of the mortgagee's interest in the premises without a transfer of the mortgage note, when such is the intention of the parties.

A mortgaged a lot of land to B and then sold an undivided half of same lot to C.  B quitclaimed to C his interest as mortgagee in the premises described in the deed from A to C.  *Held*, that the quitclaim covered B's interest in all the lot and was not restricted to an undivided half.

ON REPORT.

WRIT OF ENTRY, to recover an undivided half interest in sixteen and three-fourths acres of land.

John A. Tinkham, September 25, 1854, mortgaged to one Moore 25 acres and 20 rods of land, of which the demanded premises in possession of the defendant was a part, to secure payment of a note for $653.

March 1, 1856, John A. Tinkham conveyed by warranty to plaintiff's husband one acre; and July 9, 1859, to Amasa A. Tinkham eight and one-half acres, also an undivided half of sixteen and three-fourths acres of the land so mortgaged.

October 9, 1860, Amasa conveyed to one Stockin, subject to the Moore mortgage, by separate deeds, eight and one-half acres for the consideration of $800, and the undivided half of the sixteen and three-fourths acres for the consideration of $200.

July 8, 1862, Moore, in consideration of $626, gave to Stockin a quitclaim deed of a certain parcel of land, [etc.] "viz: All the tract of land described in warrantee deeds given by Amasa A. Tinkham to said Stockin, dated October 9, 1860, . . meaning and intending to relinquish and quitclaim all my right and interest to said premises which I possess by reason of a mortgage deed given to me by John A. Tinkham, dated September 27, 1854.

On July 24, 1862, Stockin conveyed to Simpson, by warranty, both of the last mentioned lots, embracing the whole sixteen and

three-fourths acres, and not limited to the undivided half. Simpson's interest passed by mesne conveyances to the defendant.

December 29, 1863, Moore assigned his mortgage to the plaintiff, and indorsed and delivered to her the note thereby secured, for which the plaintiff paid him $132.77, the sum then due thereon.

*W. P. Frye, J. B. Cotton & W. H. White,* for the plaintiff, admitting that the quitclaim from Moore to Stockin operated as a legal and equitable assignment of the mortgage, contended that the assignment or release did not extend to the whole sixteen and three-fourths acres, but to an undivided half only ; that the term " premises," in the deed of July 8, 1862, meant only the interest conveyed by the deed referred to, and covered the undivided half of the sixteen and three-fourths acres and not the whole ; that Stockin had an interest to clear his half from the incumbrance, but not the other half; that he, being in possession of only one-half, a quitclaim from the mortgagee would not convey the other half, unless accompanied by assignment or other legal transfer of the mortgage.

*E. F. Pillsbury,* for the defendant, contended that Moore intended to and did apportion his mortgage on the lands of the plaintiff and defendant, on the rule stated in *Carll* v. *Butman,* 7 Maine, 102 ; that his deed conveyed to Stockin all the land " described " in the deed referred to, and was not limited to that conveyed therein.

DICKERSON, J.    This is a writ of entry, in which the plaintiff seeks to recover of the defendant an undivided half interest in sixteen and three-fourths acres of land, situate in Winthrop and Monmouth in the county of Kennebec.    Both parties claim title to the demanded premises under sundry mesne conveyances from the same grantor, John A. Tinkham, who mortgaged them to Robert R. Moore, September 27, 1854.    The plaintiff claims title as assignee of Moore's mortgage of December 29, 1863, and the defendant under a certain quitclaim deed from Moore, dated July 8, 1862, to one Benjamin Stockin, who had previously acquired the interest of John A. Tinkham, the mortgagor, in eight and

one-half acres, and also one undivided half of said Tinkham's interest in sixteen and three-fourths acres thereof.

As the defendant's claim is prior in time, it is incumbent on the plaintiff to impeach its validity before proceeding to establish the legality of his own. This he seeks to do, in the first place, upon the ground that Moore's quitclaim deed to Stockin, without a delivery to the latter of the mortgage note, was insufficient to convey his interest in the mortgaged estate. There is no doubt but a deed or other instrument in writing under seal is necessary in this state to convey the mortgagee's interest in the mortgaged premises. *Vose* v. *Handy,* 2 Maine, 322. *Smith* v. *Kelley,* 27 Maine, 237. According to the authorities a quitclaim deed of the mortgagee to a stranger is sufficient to assign the mortgage and all his interest under it, when no separate obligation is given for payment of the consideration of the mortgage. *Dorkray* v. *Noble,* 8 Maine, 278, 284. Or when it is accompanied by a delivery of the mortgage notes. *Dixfield* v. *Newton,* 41 Maine, 221. Or when it is executed by the executrix of the mortgagee. *Crooker* v. *Jewell,* 31 Maine, 306. Or when the mortgagee is in possession. *Conner* v. *Whitmore,* 52 Maine, 185. And, in general, when it is the intention of the parties that the quitclaim deed shall be effectual to carry the mortgagee's interest in the estate. *Freeman* v. *McGaw,* 15 Pick. 82, 87. *Hunt* v. *Hunt,* 14 Pick. 374, 385, and *Ruggles* v. *Barton,* 13 Gray, 506.

In the principal case the quitclaim deed was given for a pecuniary consideration, to take effect immediately for the benefit of the bargainee, who was at the time of the conveyance an owner of an undivided half interest in said sixteen and three-fourths acres, and who received from the bargainor only a qualified warranty in consideration of the sum of $626 paid by him for the deed of release. It is obvious that Stockin intended to acquire the mortgagee's interest in the land ; and the mortgagee expressly declares, in the concluding paragraph of the premises of the quitclaim deed itself, it to be his meaning and intention to relinquish and quitclaim all his right and interest to the premises which he acquired under the Tinkham mortgage. We cannot doubt, therefore, that it was the intention of both of the parties to the quit-

claim deed that it should operate to convey Moore's interest in the mortgaged premises, and, as there is nothing in the rules of law inconsistent with this conclusion, such must be its legal effect.

The relation of the parties to the subject matter of the mortgage and the several conveyances, as well as the language of the quitclaim deed itself, confirm this view of the case. When Stockin received the quitclaim deed, he held eight and three-fourths acres, and an undivided half of sixteen and three-fourths acres, (subject to the mortgage to Moore) for the consideration of one thousand dollars. It is not reasonable to conclude that he would have paid six hundred and twenty-six dollars, very nearly the amount of the consideration of the mortgage—$653—for a release of the mortgagee's claim upon his interest, and sell the whole twenty-five and one-fourth acres, in less than two years, for twelve hundred dollars by deed of warranty. By the terms of the quitclaim deed, moreover, the mortgagee releases all his interest, not simply in the aforesaid eight and three-fourths acres, and an undivided half of sixteen and three-fourths acres, but " all the tract of land described in warrantee deeds given by Amasa A. Tinkham to said Stockin, October 9, 1860, . . meaning and intending to relinquish and quitclaim all his right and interest to said mortgaged premises," as herein before cited. " The tract of land described " in those deeds includes, not only the eight and three-fourths acres, but also the whole of the sixteen and three-fourths acres. It will be observed that the quitclaim deed purports to cover, not simply the lands conveyed, but " all the tract described " in Tinkham's deeds to Stockin, thereby showing that the quitclaim deed was intended as an assignment of the mortgagee's interest in the parcels then held by Stockin, and also of his interest in the other half of the sixteen and three-fourths acres.

The point made by the learned counsel for the plaintiff, that the word " premises " in the clause of the deed next preceding the habendum relates exclusively to the quantum of interest conveyed by Tinkham's deeds to Stockin, is not well taken. That word rather signifies the subject matter conveyed than the quantity of the interest, and, in connexion with the context,

serves to identify the land described in those deeds as the land embraced in the mortgage; in a case of ambiguity in the description of the subject matter conveyed, it might thus materially aid in ascertaining the intention of the parties. But in this case such reliance is scarcely necessary, as the Tinkham deeds are made a part of the quitclaim deed, which releases all the mortgagee's interest in "all the tract of land described in" those deeds to Stockin ; and such description, as we have seen, covers the eight and three-fourths acres, and also the sixteen and three-fourths acres. The mortgagee, therefore, having conveyed all his interest in the mortgaged premises to Stockin by his quitclaim deed of July 8, A. D. 1862, had no remaining estate therein to pass to the plaintiff by his assignment of December 29, A. D. 1863.

*Judgment for defendant.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.