<hr/>

## SYLVESTER A. MABIE v. JOHN HATINGER.

*Quit-claim from mortgagee—Partial foreclosures.*

A quit-claim obtained by the mortgager from the mortgagee of premises, for the purpose of perfecting title by redeeming from a sale on partial foreclosure, cannot be construed as discharging the entire mortgage.

The practice of foreclosing for small instalments of interest is condemned as oppressive.

Appeal from Montcalm. Submitted April 21. Decided April 25.

FORECLOSURE. Defendant appeals. Affirmed.

*T. F. Shields* for complainant.

*Wm. H. Castel* for defendant.

MARSTON, J. The bill in this case was filed to foreclose a mortgage. A statutory foreclosure for a small amount of interest was made in 1878, and a sale made thereunder to complainant. In November, 1878, the defendant visited the complainant for the ostensible purpose of redeeming

from this sale, and obtained from him a quit-claim deed of the premises, and defendant now claims that he thereby obtained the same discharged from this mortgage, and that even if he did not complainant cannot ask to have the deed set aside without refunding the consideration paid therefor. It also appears that some defect existed in defendant's title to a part of the premises and one object in view in obtaining this deed, if not the principal one, was to perfect this title.

It was not claimed on the argument, as it could not be successfully, that complainant supposed by giving this deed he was doing any more than what defendant could have obtained from paying the money to the register. Indeed it was conceded that the whole object spoken of at the time was but a redemption from the mortgage sale. It is too clear to bear discussion that the defendant cannot now defeat complainant's mortgage by this deed.

It is true as claimed that complainant's act in foreclosing for such a small instalment and adding thereby so much costs to his claim was unjust and oppressive—and that had defence been made thereto at the time, by tender or otherwise, his claim would not have been sustained. This question does not now arise and we can give no relief in the present action.

The decree of the court below in favor of complainant for the amount due must be affirmed.

COOLEY and CAMPBELL, JJ. concurred.