[Civ. No. 1116.    Third Appellate District.—November 30, 1914.]

## ISIDOR F. MORRIS, Respondent, v. A. F. HARTLEY et al., Defendants; F. J. BETHEL, Appellant.

FORECLOSURE OF MORTGAGE—PLEADING—AMENDMENT OF COMPLAINT TO CONFORM TO PROOF—FAILURE TO ANSWER—WHEN ALLEGATIONS DEEMED DENIED.—In a suit to foreclose a mortgage, where the plaintiff, with permission of the court, filed an amended complaint to conform to the proofs and no answer to it was served or filed, and no stipulation was made that the answer to the original complaint should be deemed an answer to the amended complaint, but the case was tried upon the theory that the facts presented by the amended complaint, except as admitted, were denied substantially as appeared in the answer to the original complaint, the allegations of the amended complaint will be treated as denied on appeal.

ID.—FAILURE TO MAKE OBJECTIONS UNTIL AFTER JUDGMENT—WAIVER.—Where the court permits the plaintiff at the end of the trial of an action to file an amended complaint to conform to the proofs, the opposing party cannot stand by without answering or demurring until after the court has made its findings and entered its judgment, and then claim that he was deprived of his right to answer or demur. If he has objection to the amended complaint as allowed by the court he should seasonably make such objection known or he must be deemed to have waived the same.

ID.—AMENDED COMPLAINT—ORIGINAL COMPLAINT SUPERSEDED BY—WAIVER OF OBJECTIONS.—It is well settled that an amended complaint supersedes the original complaint and furnishes the sole basis of plaintiff's cause of action; and if the defendant in such an action desired to avail himself of objections, other than to the sufficiency of the amended complaint to state a cause of action, he

should have renewed his special demurrer after the amended complaint was filed.

ID.—VENDOR AND VENDEE—ASSUMPTION OF MORTGAGES BY VENDEE—MORTGAGES GIVEN AS PART PAYMENT OF PURCHASE PRICE—SECOND DEED TO CORRECT ERROR—MORTGAGES NOT DISCHARGED BY.—Where a part of the consideration of the purchase price of two separate parcels of land consisted in the assumption by the purchaser of the payment of separate mortgages of the vendor on such parcels, and the execution and delivery of the purchaser's two promissory notes secured by separate mortgages on the same parcels, the latter two mortgages were not released or discharged, as to the grantee of such purchaser, by the act of the vendor and his wife in executing another deed to the purchaser, at the latter's request, five days after the first deed, where the only purpose thereof was to convey the wife's interest in the land, which had been omitted from the first deed, and where it was shown that the grantee did not, as contended by him, purchase the property with only the notice shown by the records, but had had actual knowledge of the transaction.

ID. —OWNERSHIP OF PROPERTY—AMENDMENT TO COMPLAINT TO INCLUDE WIFE'S INTEREST.—In such a case it cannot be successfully contended that an amendment to the complaint was trivial and therefore did not require a new demurrer, where the amendment was made to show that the property under foreclosure was owned by plaintiff and his wife, whereas the original complaint alleged that plaintiff was the owner; nor can such an objection be sustained to an amendment alleging that plaintiff and his wife made the second conveyance of the premises merely by way of correcting the deed theretofore made by the husband alone and with no intention that it should affect the mortgages given by the purchaser, especially where appellant strongly urged at the trial that the second deed absolutely released and discharged the mortgages and merged them in the purchaser and the latter took the title freed therefrom, and where appellant further contended, on a motion to strike out the amended complaint, that the amendment radically altered the alleged cause of action set forth in the original complaint and introduced new and distinct matters and issues.

ID.—SPECIAL DEMURRER—WHEN OVERRULING NOT PREJUDICIAL.—In such a case, where the matters called to the attention of the court by special demurrer were gone into at the trial, and appellant was not misled by any of the defects in the pleading pointed out in the special demurrer, he was not prejudiced by the overruling of the same.

ID.—SUBORDINATE LIEN—RIGHT OF REDEMPTION—SUBROGATION—SECTIONS 2903 AND 2904, CIVIL CODE.—Sections 2903 and 2904 of the Civil Code, confer upon a person having an interest in property, subject to a lien, the right to redeem from the lien and by such redemption he becomes subrogated to all the benefits of the lien; and they

further provide that one who has a lien inferior to another upon the same property has a right to redeem the property, in the same manner as its owner might, from the superior lien, and to be subrogated to all the benefits of the superior lien, when necessary, for the protection of his interest, upon satisfying the claim secured thereby.

ID.—PAYMENT OF MORTGAGE BY VENDOR—SUBROGATION.—Where under such circumstances, the vendor is obliged to pay one of the mortgages, the payment of which the purchaser assumed, in order to protect the mortgages given by the purchaser, he is entitled to be subrogated to the rights of the mortgagee under such mortgage.

ID.—FORM OF JUDGMENT—SUFFICIENCY OF.—A judgment in an action for the foreclosure of the mortgages given by the purchaser in such a case which adjudges that the land "be and hereby is declared a valid lien for the payment to plaintiff," etc., is sufficient, notwithstanding that it is nowhere decreed that the mortgages are a lien upon the premises, or that the plaintiff is entitled to the foreclosure thereof, where it describes the property, directs its sale, appoints a commissioner to conduct the sale, and gives specific directions as to the application of the proceeds to pay the amounts due, which are specifically given, and declares that all the defendants and all persons claiming under them, or having liens subsequent to plaintiff's liens, and who have acquired any estate or interest in said premises subsequent to the filing of the notice of the pendency of the action "be forever barred and foreclosed of and from all equity of redemption."

ID.—FORECLOSURE OF RIGHT OF REDEMPTION—SECTION 2931, CIVIL CODE. Section 2931 of the Civil Code provides that a mortgagee may foreclose the right of redemption of the mortgagor in the manner prescribed by the Code of Civil Procedure.

ID.—FORM OF JUDGMENT—SECTION 726 CODE CIVIL PROCEDURE.—Section 726 of the Code of Civil Procedure prescribes no form for the judgment in a suit to foreclose a mortgage. The principal object of the proceeding is to cause a sale of the encumbered property and the application of the proceeds of sale to the payment of the debt secured thereby as in that section directed.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order refusing a new trial. P. J. Shields, Judge.

The facts are stated in the opinion of the court.

P. H. Johnson, and Meredith & Landis, for Appellant.

M. S. Wahrhaftig, for Respondent.

CHIPMAN, P. J.—This is an action for the foreclosure of certain mortgages upon real property situated in the city of Sacramento.

Judgment went against defendant Hartley for the several sums mentioned in plaintiff's amended complaint as secured by said mortgages and foreclosure was ordered. It was found by the court that defendant, Broooke Realty Company, had no interest in the subject-matter of the action. Defendant Hartley made default. Defendants Trainor and Bethel answered. Defendant Bethel alone appeals, his appeal being from the judgment and from the order denying his motion for a new trial.

There are two separate transcripts, the present one, No. 1116, an appeal from the judgment, and No. 1271, an appeal from the order. By stipulation both appeals are presented together in the same brief.

The land involved consists of two separate parcels—one parcel being the north one-half of the south one-half of lot numbered one in the block bounded by T and U and 25th and 26th streets (hereinafter designated as parcel "A"); the other parcel being the south one-quarter of said lot (hereinafter designated as parcel "B"), the two parcels constituting the south one-half of said lot.

It appears that, on and prior to September 30, 1910, to wit, on November 16, 1909, plaintiff and his wife, Belle Morris, were the owners of the said property; on November 16, 1909, they executed their promissory note to Susie Harlow for the sum of two thousand dollars, due one year after date, at ten per cent interest, payable monthly, and if not so paid, an option was given to treat the principal as due. It also provided that if not paid at maturity the note "is hereby renewed from year to year, at the option of the holder"; plaintiff and his wife, on the same day, executed their mortgage to said Susie Harlow to secure the payment of said note on what we designate as parcel "A." On November 16, 1909, plaintiff and his wife executed to B. P. McIntyre and Lulu Speer their promissory note for two thousand dollars secured by mortgage on parcel "B." Neither of these last named persons was made party to the action and, of course, they are not concerned with the decree. The court, however, in ordering the sale of parcel "B," directed that it be sold subject to the mortgage of McIntyre and Speer.

It appears from the amended complaint that, on September 30, 1910, plaintiff sold all of said land to defendant Hartley for the sum of six thousand one hundred dollars, payable as follows: Five hundred dollars at the execution of the deed; two thousand dollars when due on the Susie Harlow promissory note; two thousand dollars when due on the McIntyre and Speer promissory note; seven hundred and fifty dollars to be paid plaintiff in seven years with ten per cent interest per annum, "to be secured by promissory note and mortgage upon" parcel "A"; and eight hundred and fifty dollars to be paid in eight years with ten per cent interest per annum, to be secured by promissory note and mortgage upon parcel "B," pursuant to which said agreement said notes and mortgages were duly executed and delivered by Hartley to plaintiff and said mortgages were duly recorded; that, on October 5, 1910, defendant Hartley conveyed the land by deed to defendant Trainor, duly recorded on that day, and, at defendant Hartley's request, plaintiff and his wife, on October 10, 1910, executed and delivered to Hartley their deed to said land, which was duly recorded October 20, 1910, but that said deed "was executed as a mere correction of the former deed dated September 30, 1910, in which the name of Belle Morris, his wife, was inadvertently omitted," and it appeared at the trial that this second deed to Hartley was without further consideration and was given because the title, on said last named date, was in plaintiff and his wife; that, on January 16, 1911, defendant Trainor executed and delivered to defendant Bethel his deed to said land which was on that date duly recorded. It appeared that in each of the promissory notes given by Hartley to plaintiff there was a provision that the "principal is due and payable each month in installments of $10.00 (ten dollars) or more." There was also a provision that should Hartley fail to make payment as provided in said notes, either of principal or interest, plaintiff had the option to treat the notes as due. It is alleged that, except the sum of five hundred dollars paid by Hartley to plaintiff at the time of the execution of said deed to him, said Hartley has failed and neglected to pay any part of either of said two promissory notes and the same are now due "and plaintiff now exercises his such option to collect the same in full." It is further alleged that the Susie Harlow encumbrance on said property of two thousand dollars, "which defendant Hartley

agreed to pay when due as part of the consideration for the
sale to him of the said land, became due on the 16th day of
November, 1910, and neither defendant Hartley nor any
of the aforesaid subsequent purchasers of the said land paid
the same; that plaintiff was thereupon obliged to discharge
such obligation and, on or about the 5th day of December,
1910, paid to said Susie Harlow the said sum of $2,000.00''
with interest and, on said fifth day of December, 1910, she
duly satisfied said mortgage by indorsement on the margin
of the book of mortgages in the said county; that ''the said
encumbrance for the sum of $2,000.00 to B. P. McIntyre and
Lulu Speer which defendant Hartley agreed to pay . . .
became due on the 1st day of November, 1910, . . . and is still
a subsisting encumbrance in the sum of $2,000.00 and interest
thereon upon said land''; that neither defendant Hartley nor
either of said subsequent purchasers of said land has paid the
said sums of seven hundred and fifty dollars and eight hun-
dred and fifty dollars secured by the said mortgage to Susie
Harlow and the whole thereof, to wit, the sum of three thou-
sand six hundred dollars is due and owing plaintiff from said
defendant Hartley; that by reason of plaintiff's having paid
to said Susie Harlow the amount called for in her said mort-
gage plaintiff is subrogated to her rights.

The amended complaint then proceeds to state what pur-
port to be second, third, fourth, and fifth causes of action.  In
each of them the averments of the first cause of action are
re-averred and made part thereof except, in the fifth cause of
action, certain two paragraphs, not important to notice, are
omitted.  The second cause of action simply repeats Hartley's
liability to pay the Susie Harlow mortgage.  The third cause
of action alleges that neither Hartley nor ''either of the afore-
said subsequent purchasers, has paid'' the eight hundred and
fifty dollar note and mortgage of Hartley to plaintiff.  The
fourth cause of action alleges that neither Hartley nor either
of said subsequent purchasers, has paid said seven hundred
and fifty dollar note and mortgage executed by Hartley to
plaintiff.  The fifth cause of action alleges that neither
Hartley nor either of said subsequent purchasers has paid,
except the sum of five hundred dollars, the purchase price for
which the said land was sold to Hartley by plaintiff.

The prayer of the complaint is for judgment against Hart-
ley for the sum of five thousand six hundred dollars with

interest at ten per cent per annum from September 30, 1910, and the sum of two hundred dollars attorney's fees and costs and for the usual order of sale of the premises, the proceeds to be applied in payment of the McIntyre and Speer note and mortgage and interest and "in payment of the amount of $3,600.00 and interest thereon as aforesaid to plaintiff and the further sum of $200.00 with which to pay attorneys and counsel fees, and that the defendants and all persons claiming under them or either of them, either as purchasers or encumbrancers, or otherwise, may be barred and foreclosed of all right, claim, or equity of redemption in the said preimses" and for judgment and execution against defendant Hartley and also for deficiency judgment should any deficiency remain after applying the proceeds of the sale of said premises; that the plaintiff or any party to the suit may become a purchaser at said sale to whom a deed shall be executed and the purchaser let into possession and for "such further relief in the premises as to the court may seem proper."

Defendant Trainor answered that the deed of October 5, 1910, from Hartley to him was as security for the payment to him by Hartley of a certain sum which has been fully paid, and that he was ready and willing to reconvey the property to Hartley but that the latter requested him to make and execute a deed of said land to defendant Bethel, which Trainor did, on January 16, 1911.

Defendant Bethel filed a general and special demurrer to the original complaint, which was overruled and he answered the original complaint, admitting many of its averments. He denied that plaintiff was obliged to discharge the Harlow mortgage and alleged that the Harlow note and mortgage were fully satisfied and discharged, on December 5, 1910; admitted the execution of the deed by Morris and his wife, on October 10, 1910, but denied that it was for the purposes of correction only; denied that by paying the Harlow mortgage plaintiff became subrogated and alleged that the two Hartley notes of seven hundred and fifty dollars and eight hundred and fifty dollars were fully discharged, on October 10, 1910.

The court found that all the allegations of the first cause of action set forth in the amended complaint are true; also all the allegations of the third and fourth causes of action; also that all the allegations of the answer of defendant Trainor are true. The court also found that defendant Bethel did not

purchase the land for a good and valuable consideration; that the deed made by Trainor to him, January 16, 1911, was so executed by him at Hartley's request as security for the sum of one hundred and fifty dollars "then and there paid by defendant F. J. Bethel to extinguish a debt then due from defendant A. F. Hartley to defendant W. E. Trainor. That defendant F. J. Bethel took said deed from defendant W. E. Trainor with notice of all encumbrances subsisting upon the land in controversy at the time defendant A. F. Hartley executed his deed to the said land to said W. E. Trainor on the 5th day of October, 1910."

In defendant Bethel's answer it was alleged that neither the note nor the mortgage executed by plaintiff and his wife to Susie Harlow for two thousand dollars, on November 16, 1909, is "owing or unpaid from defendant F. J. Bethel"; on the contrary, that both said note and mortgage were fully paid, satisfied, and discharged, on December 5, 1910. The court found that these averments of Bethel's answer were not true "except·that the mortgage therein mentioned was satisfied of record by plaintiff as an inferior lienor." The court further found that there is due and owing plaintiff from defendant Hartley the sum of two thousand dollars and interest, upon the promissory note of plaintiff and his wife to Susie Harlow, on November 16, 1909, secured by mortgage upon parcel "A" of said land; also the sum of seven hundred and fifty dollars upon said note of defendant Hartley executed to plaintiff September 30, 1910, secured by mortgage executed by said Hartley on parcel "A" of said land; also the sum of eight hundred and fifty dollars and interest upon said note of defendant Hartley executed to plaintiff on September 30, 1910, secured by mortgage on parcel "B" of said land; that it is necessary to appoint a commissioner for the sale of said premises and that said commissioner be directed to sell parcel "B" subject to the mortgage lien of B. P. McIntyre and Lulu Speer, and from the moneys realized at such sale to pay to plaintiff the sum of $1,072.25, with costs and interest; that such commissioner also sell parcel "A" and out of the moneys realized from such sale, after deducting expenses thereof, to pay to plaintiff the sum of $3,245.20, and if the amount realized from said sale shall be insufficient to pay said sums, then plaintiff may have judgment for any deficiency remaining.

As conclusion of law the court found that plaintiff is entitled to judgment for the sum of $4,317.35.

The original complaint was filed January 18, 1911, to which defendant Bethel filed a general and special demurrer, on February 4, 1911. The court overruled the demurrer, on April 10, 1911, and, on October 27, 1911, defendant Bethel filed an answer to plaintiff's original complaint. The cause came on for trial February 23, 1912, "and the same was continued to the 27th day of February, 1912, and upon completion thereof, upon motion of plaintiff's counsel, the court allowed the complaint herein to be amended to conform to proofs adduced at the trial." On March 8, 1912, plaintiff served and filed his amended complaint and, on March 14, 1912, the court made its findings and filed its judgment and, on March 15, 1912, said judgment was duly entered. On March 28, 1912, defendant Bethel served and filed a motion to strike the amended complaint from the files, which purports to have been "based upon the pleadings and records in the action and the affidavit of James D. Meredith, attorney for Bethel, and upon oral testimony to be adduced at the hearing of said motion." The record contains no affidavit or testimony in support of the motion. On May 13, 1912, this motion and the settlement of the bill of exceptions came on to be heard. The motion was denied and appellant given to May 20, 1912, "to prepare and serve a statement on motion for a new trial and the settlement of bill of exceptions." No answer to the amended complaint was filed, although it was served and filed six days before findings and judgment, and no stipulation appears that the answer to the original complaint should be deemed an answer to the amended complaint. The case, however, seems to have been tried upon the theory that the facts presented by the amended complaint, except as admitted, were denied substantially as appeared in appellant's answer to the original complaint, and we shall so treat the record. We cannot, however, so treat the demurrer. It is well settled that an amended complaint supersedes the original complaint and furnishes the sole basis of plaintiff's cause of action. If defendant, Bethel, had desired to avail himself of objections, other than to the sufficiency of the amended complaint to state a cause of action, he should have renewed his special demurrer. We are satisfied that a cause of action is stated in both complaints.

Upon the merits, appellant's position is: 1. That the deed of plaintiff and his wife to Hartley, on October 10, 1910, "absolutely released and discharged the two mortgages of Hartley to Morris (one for $750.00 and one for $850.00) and merged them in Hartley and had the operative effect of absolutely releasing and discharging said two mortgages of A. F. Hartley to Isidor F. Morris," and that appellant took the title freed from these mortgages; and, 2. That Morris was a mere volunteer or intermeddler when he paid the Susie Harlow mortgage debt and caused the mortgage to be satisfied, on December 5, 1910, and that when Trainor, January 16, 1911, conveyed the land to appellant the latter took the title with no encumbrance upon the premises except the McIntyre and Speer mortgage. On the face alone of the records of deeds and mortgages this contention finds support. And appellant's claim at the trial was and is here that he made the purchase upon such notice only as these records imparted. There was testimony, however, which the court accepted and which tended to show that Trainor took his deed to secure two hundred and fifty dollars loaned by him to Hartley, one hundred dollars of which Hartley paid him and one hundred and fifty dollars was paid him for Hartley by appellant and that Trainor conveyed to appellant to secure the latter in paying Trainor this amount and that there was no other consideration for Trainor's deed to appellant. There was evidence that when Morris and wife made their deed to Hartley, five days after Morris had deeded the land to Hartley, it was for the sole purpose of conveying the wife's interest and that it was well understood by Hartley that the premises remained subject to the mortgages given by him and the two mortgages of two thousand dollars each given by Morris and wife; that the consideration was six thousand one hundred dollars, of which Hartley paid five hundred dollars at the time of his purchase, the balance being made up of these four mortgages. There was evidence that when Morris paid the Harlow mortgage it was to protect the mortgages given him by Hartley, and there was evidence from which the court was justified in finding that appellant had notice of these transactions and that when he received his deed from Trainor he knew in what capacity Trainor held the title and also knew that Hartley and Morris treated all these mortgages as subsisting liens and that appellant in fact took the land subject to these liens.

Appellant's contention is that Morris ceased to be a lienor because of the conveyance of himself and wife to Hartley, October 10, 1910, and therefore had no right to be subrogated under the Harlow mortgage and had no such relation to the land as would authorize him to pay off the Harlow mortgage under sections 2903 and 2904 of the Civil Code. These sections confer upon a person having an interest in property, subject to a lien, the right to redeem from the lien and by such redemption he becomes subrogated to all the benefits of the lien; and further provides that one who has a lien inferior to another upon the same property has a right to redeem the property, in the same manner as its owner might, from the superior lien; and "to be subrogated to all the benefits of the superior lien, when necessary, for the protection of his interests, upon satisfying the claim secured thereby." (See, also, Civ. Code, sec. 2876.) The evidence showed that plaintiff was endowed with these rights. Appellant's various points in challenging the findings rest upon the assumption that he had no notice of any transaction other than shown by the records of deeds and mortgages and that he purchased the property outright and unconditionally with such notice only. But there was evidence sufficient to show that this, as the court found, was not true, and that he in fact took his conveyance from Trainor to secure the one hundred and fifty dollars paid Trainor for Hartley's benefit, and that he then knew all the facts upon which plaintiff bases his rights in the action as herein above set forth. We think there were sufficient averments in the amended complaint on which to base the findings. We are of the opinion that the learned trial judge was fully warranted by the evidence in making his findings of fact and conclusions of law.

Some objection is made of the form of the judgment, and it must be admitted that in some respects it is open to appellant's criticism. For example, it adjudges that the land "be and hereby is declared a valid lien for the payment to plaintiff," etc. And it is claimed that "nowhere is it decreed and adjudged that any of the mortgages set forth in the complaint are a lien upon the premises involved, or that the plaintiff is entitled to the foreclosure of such a lien on the premises involved."

Section 2931 of the Civil Code provides that "a mortgagee may foreclose the right of redemption of the mortgagor in the

manner prescribed by the Code of Civil Procedure." Section 726 of the latter code prescribes no form for the judgment. The principal object of the proceeding is to cause a sale of the encumbered property and the application of the proceeds of sale to the payment of the debt secured thereby as in the section directed. The judgment describes the property and directs its sale "or so much thereof as may be sufficient to raise the amount due to the plaintiff with costs of suit," etc.; appoints a commissioner to conduct the sale and gives specific directions as to the application of the proceeds to pay the amounts due, which are specifically given, and declares that all the defendants and all persons claiming under them or having liens subsequent to plaintiff's liens and who have acquired any estate or interest in said premises subsequent to the filing of the notice of the pendency of the action. "be forever barred and foreclosed of and from all equity of redemption," etc. The judgment seems to be a sufficient compliance with the statute to effectuate its object.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

Petition for a rehearing of this cause and of *Morris* v. *Hartley,* (Civ. No. 1271), *post,* p. 804, [146 Pac. 78] were denied by the district court of appeal on December 31, 1914, and the following opinion then rendered thereon:

THE COURT.—Appellant petitions for a rehearing. The point especially urged is that the court erroneously held that the demurrer to the original complaint could not be considered as a demurrer to the amended complaint.

As shown in the opinion, heretofore filed, the judgment was entered six days after the amended complaint was filed. Appellant contends that he was entitled to ten days in which to demur or answer. It frequently happens that amendments are made by leave of court to conform to the evidence adduced at the trial. We do not understand that in such cases the opposing party can stand by without answering or demurring and, after the court has made its findings and entered its judgment, claim that he was deprived of his right to answer or demur. If he has objection to the amended complaint as allowed by the court he should seasonably make such objection

known or he must be deemed to have waived such objection. In the present case he was duly served with a copy of the amended complaint which recites that it was filed "by leave of court first had and obtained."

It is further contended that the amendments to the complaint were trivial and did not require a new demurrer. Citing *Flood* v. *Templeton,* 148 Cal. 374, 376, [83 Pac. 148]. The amendment was, we think, something more than trivial and was to meet a very important issue in the case as to which there was evidence and a finding of the court. There was an amendment showing that the property was owned by Morris and his wife, whereas the original complaint alleged that Morris was the owner. There was also an amendment that, on October 10, 1910, Morris and his wife conveyed the premises to Hartley merely by way of correcting the deed made by Morris alone and with no intention that it should affect the mortgages given by Hartley. One of appellant's contentions at the trial—strongly urged—was that this deed "absolutely released and discharged the two mortgages of Hartley to Morris (one for $750.00 and one for $850.00) and merged them in Hartley and had the operative effect of absolutely releasing and discharging said two mortgages of A. F. Hartley to Isidor F. Morris" and that appellant took the title freed from these mortgages. This issue was fully exploited at the trial and evidence admitted tending to show that the purpose of this deed of October 10th was well known to all the parties. In his motion to strike the amended complaint from the files appellant states, among other grounds, that it "radically changes and alters the alleged causes set forth in plaintiff's original complaint on file herein"; that it "set forth matters and issues entirely new, wholly distinct and completely different from those embraced in the original complaint." Appellant would hardly seem justified in now claiming that the amendments were trivial and such as were referred to in the case above cited. Besides, in the case cited the demurrer was general and the court stated that the objections to the complaint could be made at any time. We still think that he should have renewed his demurrer if he intended to rely upon it.

Furthermore, we are of the opinion, if we are in error upon this point, that the matters called to the attention of the court by the special demurrer (it is not contended that there was

any merit in the general demurrer) were gone into at the trial. Appellant was not misled by any of the defects in the pleading pointed out in the special demurrer, for the case seems to have been fairly tried on the merits. He was not prejudiced by the overruling of his demurrer. (*Stein* v. *United Railroads,* 159 Cal. 368, [113 Pac. 663].)

The petition is denied.