(No. 12114.—Decree affirmed.)
Thomas J. McReynolds, Appellee, *vs.* Peter C. Stoats *et al.* Appellants.

*Opinion filed April 15, 1919.*

1. Deeds—*recording of deed creates presumption of delivery— minors.* Where a deed is recorded there is a presumption of delivery, and where the grantor is the father of the grantee, who is a minor, knowledge of the conveyance and its acceptance by the grantee is not necessary; and the presumption of delivery is not overcome by the fact that the grantor retained possession of the property and the deed.

2. Same—*when court is justified in finding that scrivener omitted description of tract by mistake.* Where a warranty deed recites that the land described contains 280 acres, which was all the land owned by the grantor, but the description covers only 240 acres of the grantor's land, the court may find that the scrivener omitted to describe one 40-acre tract, where the evidence also shows that the grantee took possession of the entire 280 acres, mortgaged and

subsequently conveyed the same by proper description, and that his grantor never made any claim of title to the omitted 40 acres.

3. SAME—*intention of parties apparent in deed controls in construction.* The intention of the parties apparent and manifest from the instrument, when each clause is given its legal effect, controls the court in the construction of a deed.

4. MORTGAGES—*presumption of existence of a mortgage from certificate of notary not overcome except by clear proof.* The presumption of the existence of a mortgage arising from the certificate of the notary is not to be overcome except by clear proof, although the mortgagor testifies that he does not remember executing the mortgage.

5. SAME—*what is proof of intention to release mortgage.* The fact that a release is written on the margin of the record of a mortgage and is signed by the mortgagee is in itself proof of the intention to release the mortgage although the expression to "quitclaim" the premises is used.

6. SAME—*equity will look to substance of transaction.* A court of equity will look beyond the mere form and into the substance of the transaction and give effect to the true intent and meaning of the parties.

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

L. T. GRAHAM, and HAINER, CRAFT & EDGERTON, for appellants.

W. E. WILLIAMS, and A. CLAY WILLIAMS, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Pike county quieting title to certain land in appellee, complainant in that court.

The land in question is an 80-acre tract described as the northeast quarter of the southwest quarter and the northwest quarter of the southeast quarter of section 14, township 4, north, range 5, west of the fourth principal meridian, in Pike county, and was entered by Peter C. Stoats, whose name is sometimes spelled Staats, who died intestate in

1863. On August 16, 1864, for a valuable consideration, Hannah Stoats, widow of Peter C. Stoats, deceased, quitclaimed her interest in the premises in question, and other land, to Alice M. Patton, (*nee* Stoats,) only heir-at-law of Peter C. Stoats and wife of David H. Patton. The appellants are sons and grandchildren, respectively, of Alice M. Patton. It appears in evidence that on November 7, 1887, David H. Patton and Alice M. Patton, his wife, in consideration of $7200, executed a warranty deed to all of the land in question to Charles H. Patton, their minor son, who on the same day executed a mortgage for $7200 to secure a note payable to David H. Patton. On November 30 following, Charles H. Patton and his wife executed a deed to David H. Patton, which he subsequently recorded, for all the premises in question. On December 10 following, David H. Patton entered on the margin of the record of the above mortgage what appellee claims was a release thereof. David H. Patton and his wife during all of this time, and up to the time of her death, occupied the premises as a homestead, and at no time did Charles H. Patton possess or exercise ownership over said land other than by said conveyances. Alice M. Patton died in 1889 and her husband thereafter re-married on June 27, 1901. He and his second wife, Jennie, by their warranty deed conveyed the land in question to Frank E. Huse. In this conveyance 40 acres of the land in question were omitted from the description. The deed, however, purported to convey 280 acres of land then in the possession of the grantors instead of 240 acres, as shown by the description. In January, 1903, Huse and wife conveyed by proper description said 280 acres, including by description the 40 acres omitted from the deed of David H. Patton. The appellee is in possession, through *mesne* conveyances from Huse, of the 80 acres of land in question. The entire 80 acres of land is described in each of the *mesne* conveyances from Huse to the appellee.

It is contended by the appellee that the necessary evidence can be supplied from the deed itself referring to the fact that 280 acres of land is intended to be conveyed, the surrender of possession by David H. Patton to Frank E. Huse, and the *mesne* conveyances, with possession under claim of ownership, payment of taxes and the making of improvements. It is contended by the appellants that the deed to Charles H. Patton by his father and mother on November 7, 1887, was not delivered to him nor accepted by him; that he had no knowledge that the same was made and that it was placed on record without his knowledge or consent, and that therefore no title or interest in the premises passed to him by said conveyance; that there is no evidence to sustain the holding in the trial court that a mistake was made by the scrivener in omitting the 40 acres of land from the deed of David H. Patton and his second wife to Frank E. Huse.

The first question arising on this record is, was the deed from David H. and Alice M. Patton delivered to Charles H. Patton, their minor son, so as to invest him with the title to the premises? It appears that the grantor and his wife executed the deed and that the grantor had the same recorded and thereafter retained the deed. The son testified that he did not know the deed was made until the date of the re-conveyance by him and his wife to his father. In *Hayes* v. *Boylan,* 141 Ill. 400, the rule is held to be, that where the grantee is an infant the presumption of acceptance is a rule of law, and knowledge of the conveyance and of its acceptance is not necessary; but "this is because the infant is incapable of doing any act in regard to the deed which he might not avoid on reaching his majority, and it is the duty of the parent, as his natural guardian, to accept and preserve the deed for him." (*Masterson* v. *Cheek,* 23 Ill. 72.) Where a deed is recorded there is a presumption of delivery, and this presumption is not overcome by the fact that the grantor, who stood in a fiduciary relation

to the grantee, retained possession of the property and the deed. (*Baker* v. *Hall*, 214 Ill. 364; *Creighton* v. *Roe*, 218 id. 619; *Decker* v. *Stansberry*, 249 id. 487.) The presumption of delivery and knowledge of the making of the deed is further strengthened by the evidence of the making of a mortgage by Charles H. Patton and wife to said premises on the same date as that of the execution of the deed to him. Charles H. Patton testifies that he does not remember executing said mortgage. The presumption arising from the certificate of the notary, however, is not to be overcome except by clear proof. It was held in the early case of *Lickmon* v. *Harding*, 65 Ill. 505, that in the absence of proof of fraud and collusion on the part of the officer taking and certifying a deed, the officer's certificate in proper form must prevail over the unsupported testimony of the grantor that the same was false and forged. (*Fitzgerald* v. *Fitzgerald*, 100 Ill. 385.) We are of the opinion that the chancellor was justified in finding that Charles H. Patton and his wife executed the mortgage in question. It is not denied that they executed the deed of re-conveyance to his father on November 30, 1887. By said deed, therefore, the fee to the premises was vested in David H. Patton, subject to the repudiation of the deed by Charles H. Patton upon his arriving at his majority. This privilege appears not to have been exercised by him.

On December 10, 1887, David H. Patton executed a release on the margin of the record of the mortgage given by Charles H. Patton. The release is in the following words:

"For and in consideration of the full payment to me of the amount secured by the annexed mortgage, I hereby release and quit-claim to Charles H. Patton, by whom said payment was made, the premises included in said mortgage and forever release and discharge the same of record.

"Dated the 10th day of December, A. D. 1887.

DAVID H. PATTON."

It is evident from the release itself that the intention of David H. Patton was to release the mortgage and not

to execute a quit-claim deed to the premises. The fact that it appears on the margin of the mortgage record is in itself proof of that intention. Furthermore, this release is not acknowledged and does not contain the formal requisites of a quit-claim deed. The fact that the word "quit-claim" is used is by no means controlling. A court of equity will look beyond the mere form and into the substance of the transaction and give effect to the true intent and meaning of the parties in such transaction. *Sanford* v. *Kane,* 133 Ill. 199.

It is also contended that the chancellor erred in finding that in the deed from David H. and Jennie Patton, his second wife, to Frank E. Huse, the description of 40 acres, being the northwest quarter of the southeast quarter of said land, was omitted by mistake of the scrivener, and that it was the intention of Patton to include said 40 acres in the deed. The proof shows that David H. Patton, at the time he executed the deed to Huse, owned 280 acres of land, including the 80 acres involved in this suit; that the 40 acres omitted from the deed were a part of said 280 acres; that the 280 acres of land was all the land he owned. The deed describes all of the 280 acres by legal description except said 40 acres, and contains after said description these words: "Containing in all two hundred and eighty (280) acres, more or less." It appears that within four days after the making of this deed the grantee mortgaged this 280-acre tract, including in the description thereof the description of the 40-acre tract, and that all subsequent conveyances of the 280-acre tract contained a like description. It also appears from the evidence that the grantor moved to the State of Oklahoma, where he resided for the balance of his life; that he at no time thereafter sought to use, control or transfer the 40-acre tract, and that appellee and his grantors have had uninterrupted possession of the 40-acre tract since that time. Counsel for appellee also state that the record shows that David H. Patton, at the time he made said deed, intended to dispose of all of his property. This is not de-

nied by counsel for appellants, and as the abstract contains none of the evidence touching this transfer and the transcript of the record is neither paged nor indexed, we are inclined to accept the statement of counsel concerning said grantor's intention. It appears that said grantor and the scrivener who wrote the deed are both dead, and that the grantee, Frank E. Huse, could not be found. It is not necessary to put a witness on the stand to testify that the scrivener omitted the description of the 40-acre tract by mistake when he wrote the deed. Where there is doubt as to the construction of a deed it is to be interpreted most favorably for the grantee. (*Bradish* v. *Yocum,* 130 Ill. 386; *Kirby* v. *Wabash, St. Louis and Pacific Railway Co.* 109 id. 412; 2 Washburn on Real Prop.—2d ed.—669.) The intention of the parties apparent and manifest from the instrument, when there is given to each clause its legal effect, controls the court in the construction of a deed. (*Lehndorf* v. *Cope,* 122 Ill. 317.) It is apparent from this deed and the action of the grantor subsequent thereto, as well as the circumstances of this case as herein noted, that the chancellor was justified in finding that the description of the 40-acre tract was omitted from the deed by the scrivener by mistake.

It is also urged that the title to said land was procured by David H. Patton through a fraud upon his wife, Alice M. Patton. While this could avail appellants nothing now, when the interests of purchasers for value are involved, counsel have not directed the attention of the court to any evidence in the record supporting such claim. It might well have been that the conveyances were made in accordance with her wishes in the matter.

There being no error in the record the decree of the circuit court will be affirmed.          *Decree affirmed.*