HOLLAND et ux. v. BLANTON.

No. 30740. May 25, 1943.

Rehearing Denied June 22, 1943.

*138 P. 2d 543.*

Ogden & Wallace, of Ardmore, for plaintiffs in error.

Blanton, Curtis, & Blanton, of Pauls Valley, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter referred to as defendants, to recover a money judgment on promissory notes and to foreclose a real estate mortgage which had been given to secure said notes.

The defendants admitted the execution of the notes and mortgage, but alleged that the notes had been paid by a claim which defendants had against the plaintiff for breach of warranty of title, and that the mortgage had been released by a quitclaim deed which the plaintiff and his wife executed to the defendants on February 4, 1935. Plaintiff controverted the allegations so made and alleged that the quitclaim had been executed merely for the purpose of correcting a deficiency in a prior deed.

Trial was had to the court without the intervention of a jury. The facts, either admitted or established by the

evidence introduced, were substantially as follows: On November 18, 1933, plaintiff by deed poll conveyed to the defendants 120 acres of land. At the time of the execution of said deed plaintiff was the owner of only an undivided five-sixths interest in said land. The defendants as part of the purchase paid $400 in cash, assumed an existing indebtedness of $300 and executed notes and mortgage for the balance. Defendants went into possession of said property and occupied the same as a home. In 1934 the defendants had an opportunity to sell the oil and gas rights under 40 acres of said land at a price of $25 per acre. They were unable to complete this sale due to the fact that there was an outstanding one-sixth interest in the property conveyed. Defendants complained to the plaintiff and threatened to sue for breach of warranty. Plaintiff thereupon procured a deed to the outstanding interest and placed the same of record and at the same time executed a quitclaim deed, in which he was joined by his wife, conveying the lands to the defendants and placed such deed of record. Plaintiff immediately thereafter filed and recorded an affidavit in which he alleged that the quitclaim deed had been given merely for the purpose of perfecting the title of the defendants to the land previously conveyed, and had not been intended as a release of the mortgage which had been executed by the defendants. The defendants thereafter paid the indebtedness which they had assumed originally and also paid one of the notes which they had given to represent the balance of the purchase price of said lands. Defendants refused to pay any of the other notes, and thereupon this action was instituted. The issue in controversy between the plaintiff and the defendants was whether the quitclaim deed had been intended to satisfy the balance due on the debt of the defendants and to release the mortgage, or merely to correct certain deficiencies in the title which had been conveyed by the deed poll which plaintiff had originally executed. The evidence upon the issue in controversy was in direct conflict. The trial court made written findings of fact and conclusions of law in which he found and held that the quitclaim deed had been executed merely for the purpose of perfecting the title of the defendants, and had not been intended to act as a release of the mortgage which defendants had executed to the plaintiff. Upon the findings and conclusions so made and drawn, the court entered judgment for the plaintiff, and defendants appeal.

Defendants contend, in substance, that the judgment is contrary to and against the weight of the evidence, and in support of such contention urge that since a quitclaim deed conveys all right, title, and interest of the grantor, the execution of such deed by the plaintiff operated as a release of the mortgage which defendants had executed to the plaintiff. In support of the contention so made defendants cite 16 O. S. 1941 § 18; Tucker v. Leonard, 76 Okla. 16, 183 P. 907; 18 C. J. 187; 9 Cyc. 590; 41 C. J. 785; Edwards v. Brusha, 18 Okla. 234, 90 P. 727. An examination of the authorities cited will reveal that while they are authority for the rule that a quitclaim deed passes all the right, title, and interest which the grantor has at the time of making the deed which is capable of being transferred by deed unless a contrary intent appears, they do not support the proposition that the execution of a quitclaim deed by a mortgagee to his mortgagor necessarily operates as a release of the mortgage. While execution of such deed is prima facie a release and satisfaction of the mortgage lien (Waters v. Waters, 20 Iowa, 363, 89 Am. Dec. 540), the court will look into the intent of the parties, and if the intent is not to release the mortgage, that intent will prevail. Barr v. Foster, 25 Colo. 28, 52 P. 1101; Mabie v. Hatinger, 48 Mich. 341, 12 N. W. 198; Green v. Currier, 63 N. H. 563, 3 Atl. 428; McReynolds v. Stoats, 288 Ill. 22, 122 N. E. 860; Washington County Ry. Co. v. Canadian Colored Cotton Mills Co., 104 Me. 527, 72 Atl. 491; Johnson v. Leonards, 68 Me. 237; Morris v. Hartley, 26 Cal. App. 61, 146 P. 73.

The action at bar was one of legal cognizance tried to the court without the intervention of a jury, and the judgment of the court is to be given the same effect as a verdict of a properly instructed jury. See Gross v. Alexander, 187 Okla. 492, 103 P. 2d 929; Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758. So considered we find that the judgment is supported by competent evidence shown in the record. The defendants, having admitted the execution of the notes and mortgage involved, and having pleaded satisfaction of the indebtedness by agreement, had the burden of establishing such plea to the satisfaction of the trial court. The evidence shown upon this issue was in conflict, and the conflict was resolved by the court in favor of the plaintiff, and we cannot say that such finding is not proper. Likewise the evidence relating to the purpose of the execution of the quitclaim deed presented a question of fact, and there was evidence to support the finding that the deed was never intended as a release of the mortgage, but was merely executed for the purpose of correcting a deficiency which may have existed in the prior conveyance by the deed poll of the plaintiff. As said in Equitable Farm Mortgage Co. v. Leeper, 166 Okla. 231, 26 P. 2d 931:

"A warranty deed given by a mortgagee to a mortgagor subsequent to the date of the mortgage, appearing to have been given merely to correct the description in a prior deed made by the same grantor to the same grantee will not be held, in the absence of intervening rights, to operate as a release of the mortgage in the absence of evidence tending to show that such was the intention of the maker."

A careful examination of the record reveals no reversible error.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.