Mary Lou GILBERTSON, Plaintiff and Appellee,

v.

Dennis L. GILBERTSON, Defendant and Appellant.

Civ. No. 890199.

Supreme Court of North Dakota.

March 1, 1990.

**80**

Joanne Hager Ottmar of Ottmar & Ottmar, Jamestown, for defendant and appellant.

Brad A. Sinclair of Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for plaintiff and appellee.

LEVINE, Justice.

Dennis Gilbertson appeals from a district court order upholding the validity of a mortgage on his homestead held by his former wife, Mary Lou Gilbertson. We affirm.

When Dennis and Mary Lou were divorced in August 1983, Dennis was awarded the parties' home and ordered to execute a promissory note to Mary Lou secured by a second mortgage in her favor on the home. The mortgage was executed February 2, 1984 and recorded April 10, 1985. The divorce judgment provided that Dennis and Mary Lou shall "execute and deliver any and all instruments such as deeds, Quick Claim [*sic*] or Warranty, bills of sale, transfers of title, assignments of interests, and all other instruments, when and as requested, necessary to carry into full force and effect the terms herein."

On April 15, 1985, Dennis and his new wife filed a Chapter 7 bankruptcy petition. Mary Lou sought a determination in bankruptcy court of the validity of her mortgage. The bankruptcy court held that the promissory note secured by the mortgage was dischargeable in bankruptcy, but the mortgage survived.

In April 1986, Dennis brought a motion to compel Mary Lou to execute in his favor a quitclaim deed to the parties' former homestead subject to her mortgage of record. The district court granted that motion. Mary Lou complied with the order by executing a standard quitclaim deed form in June 1986. However, the form did not contain a provision that the quitclaim was subject to the mortgage.

Dennis failed to pay the balance of the note when it became due on August 1, 1988. Mary Lou filed a motion to hold Dennis in contempt. Dennis resisted, contending that his debt to Mary Lou was discharged and that her surviving mortgage was invalid because she failed to preserve the mortgage when she quitclaimed to him all her rights, title and interest to the property.

The district court found that the quitclaim deed did not extinguish Mary Lou's mortgage. It also determined that because of the discharge of the underlying debt, Mary Lou's only remedy for Dennis' default was foreclosure of the mortgage. Dennis appealed.

■ Dennis argues that because the quitclaim deed is absolute on its face and does not contain a reservation that the conveyance is subject to the mortgage, the deed operated as a release and satisfaction of the mortgage. Mary Lou counters that a quitclaim deed from a mortgagee to a mortgagor does not release the mortgage if a release is not intended by the parties. We agree with Mary Lou.

■ A quitclaim deed grants or conveys only the right, title and interest of the party executing it. *Aure v. Mackoff,* 93 N.W.2d 807, 811 (N.D.1958). Relying on *Merchants' Trust Co. v. Davis,* 49 Idaho 494, 290 P. 383 (1930), Dennis argues that execution of a quitclaim deed by the mortgagee to the mortgagor is a release and satisfaction of the mortgage when the deed fails to reserve the mortgage interest. In such cases, however, a court looks to the intent of the parties and if the intent was not to release the mortgage that intent prevails. *E.g. Boesel v. Perry,* 268 S.W.2d 68 (Mo.Ct.App.1954); *Holland v. Blanton,* 192 Okl. 645, 138 P.2d 543, 544 (1943); Annotation, *Rights or Interests Covered by Quitclaim Deed,* 162 A.L.R. 556, 563–64 (1946); Annotation, *Right or Interests Covered by Quitclaim Deed,* 44 A.L.R. 1266, 1273–74 (1926).

Dennis argues that the parties' intention must be determined from the four corners of the deed. He acknowledges that if the trial court was entitled to look beyond the deed itself to the circumstances surrounding its execution, there is no error in the trial court's determination that the mortgage is valid.

■ Ordinarily, to determine the intent of the parties, a court looks only to the deed and no further. *See* NDCC § 9–07–04. However, parol evidence is admissible where through fraud, mistake or accident, the document fails to express the real intention of the parties. *Larson v. Wood,* 75 N.D. 9, 25 N.W.2d 100 (1946).

Dennis argues that mistake must be specifically pleaded in order to make proof of mistake admissible, relying on *Gajewski v. Bratcher,* 221 N.W.2d 614 (N.D.1974), and *Radspinner v. Charlesworth,* 369 N.W.2d 109 (N.D.1985). His reliance is misplaced. *Gajewski* and *Radspinner* are distinguishable. In those cases, the parties pleaded but failed to prove fraud. They did not rely on mistake or accident having neither "averred" nor proved, mistake or accident. In this case, Dennis requested a deed subject to Mary Lou's mortgage. The court granted Dennis' request and Mary Lou executed that deed.

■ The reason for the requirement of a specific allegation of mistake is to provide notice to prevent surprise from affirmative defenses raised for the first time at trial. NDRCivP 8; *First Nat'l Bank of Belfield v. Burich,* 367 N.W.2d 148, 152 (N.D.1985). Here, both parties were fully aware of their respective rights and obligations under the divorce decree and order of the court. Dennis operated on the premise that he was entitled to the homestead and Mary Lou was entitled to a mortgage. The only surprise to Dennis arose from the deed's omission of the mortgage interest.

■ If mistake is not at the root of this dispute, we are at a loss to understand what is. We conclude that the question of mistake was adequately raised. Mistake obviates the prohibition of the parol evidence rule and it was thus correct for the trial court to consider extrinsic evidence to determine the intent of the parties.

Accordingly, we affirm.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.