## BRADFORD v. MAYES MERCANTILE CO.

No. 11054—Opinion Filed March 13, 1923.

(Syllabus.)

1. Garnishment—Property Subject—Funds Under Control of Garnishee.

It is not necessary that funds sought to be reached by garnishment proceedings be in the actual personal possession of the garnishee; if such funds are under his control, they may be reached by garnishment.

2. Trial—Findings of Fact and Conclusions of Law—Requisites.

The trial court is not required to make the specific findings of fact and conclusions of law submitted and requested by a party, but is merely required to state his findings of the material and controlling facts separately from the conclusions of law.

3. States—County Court Jurisdiction—Garnishment.

A creditor is entitled to proceed by garnishment in the county courts of this state under section 4822, Rev. Laws 1910, said section being applicable by virtue of section 1563, Stat. Okla. 1893, which was extended over and put in force in the state by section 2, art. 25, of the schedule to the Constitution.

4. Appeal and Error—Necessity for Objections Below—Garnishment— Sufficiency of Bond.

A judgment against a garnishee will not be disturbed by this court on account of the insufficiency or informality of the undertaking required by section 4823, Rev. Laws 1910, when the garnishee and defendant were duly served with the garnishee summons, the garnishee answered on the merits, and the action went to judgment on other grounds without any objection to the bond.

5. Garnishment—Judgment—Sufficiency of Evidence.

Record examined, and held, that the judgment is sustained by the evidence.

Error from County Court, Mayes County; T. L. Marteney, Judge.

Action by the Mayes Mercantile Company against Ed Phillips; L. O. Bradford, garnishee. Judgment for plaintiff, and garnishee brings error. Affirmed.

Harry Seaton and W. H. Kornegay, for plaintiff in error.

Thos. W. Leahy and Forrester Brewster, for defendant in error.

NICHOLSON, J. This was an action by the Mayes Mercantile Company against Ed Phillips, as defendant, and L. O. Bradford, as garnishee, to recover from the defendant the sum of $507.17, on a promissory note and an open account, and seeking to subject certain funds alleged to be in the possession or under the control of the garnishee to the payment of the amount claimed.

The garnishee answered, admitting that he was indebted to the defendant in the sum of $1.05, but denied that he was indebted in any other sum. The plaintiff, by appropriate action, elected to take issue upon the answer of the garnishee. On February 26, 1919, judgment was rendered in favor of the plaintiff and against the defendant for the amount sued for, and on the 7th day of March, 1919, after a trial of the issues in the garnishment proceedings, the court found that at the time of the service of the garnishment summons upon him, the garnishee had in his hands and under his control the sum of $383.30 belonging to the defendant, and rendered judgment against the garnishee for said sum. From this judgment the garnishee has appealed, and

presents various propositions, the first being that the court erred in not rendering judgment for the garnishee on the special findings of fact.

It is first insisted that the findings of fact and conclusions of law do not. correspond, and that in some instances the findings of fact are not supported by the evidence; but the garnishee has not seen fit to point out which of these findings lack support by the evidence.

The testimony introduced on the trial of the issues joined between the plaintiff and the garnishee shows that the garnishee was the president of the American State Bank of Pryor; that the defendant was indebted to said bank, as well as other banks and individuals who held chattel mortgages covering property belonging to the defendant; that the defendant was indebted to the plaintiff upon account and notes, for which the judgment above mentioned was rendered; that the defendant and the garnishee entered into an agreement by the terms of which the garnishee agreed to sell all the personal property of the defendant at public sale, at which sale the garnishee was to act as clerk, and with the proceeds of said sale pay off the indebtedness of the defendant; that pursuant to said agreement, a sale was held at which the garnishee acted as clerk, but instead of collecting the proceeds himself, he had one J. V. Taylor act as cashier; that payment for property sold was made to Taylor, who deposited the funds in the American State Bank to his credit.

Taylor was a boy 17 or 18 years of age, an employe of the garnishee, and the funds so deposited by him were disbursed either by or under the direction of the garnishee. It appears that some of the property sold was unincumbered; that there was an agreement between the defendant and the garnishee that in the event the property mortgaged to the bank was insufficient to satisfy the bank's indebtedness, the proceeds derived from the sale of the unincumbered property should be. paid to the bank to apply on the indebtedness owing it. The court found that the amount for which judgment was rendered against the garnishee was funds in the hands of and under the control of the garnishee in excess of the indebtedness due the bank, and this finding is sustained by the evidence. ·

It seems to be the contention of the garnishee that, inasmuch as the court found that he had in his actual personal possession only the sum of $1.05 at the time he was served with the garnishment summons, this sum is all for which he is liable; but the court also found that the proceeds paid to Taylor and by him deposited in the bank were under the control of the garnishee. This finding is supported by the evidence, and this was sufficient to fix the garnishee's liability under the provisions of section 4835, Rev. Laws 1910.

It is next contended that the court did not make special findings of fact and conclusions of law as requested by the garnishee. It appears that the garnishee filed his motion requesting the court to make and state in writing, findings of fact and conclusions of law separately. The court made separate findings of fact and also incorporated findings of fact and conclusions of law in the journal entry of judgment. This was sufficient. The court was not required to make the specific findings of fact and conclusions of law submitted by the garnishee, but was merely required to state his findings of the material and controlling facts separately from the conclusions of law. Etchen et al. v. Texas Co. et al., 82 Okla. 62, 199 Pac. 212. This the court did.

It is next urged that the court was without jurisdiction to render the judgment for the reason that by section 4822, Rev. Laws 1910, jurisdiction of this character of garnishment exists only in the district court. In Munson v. First Nat. Bank of Okmulgee, 58 Okla. 284, 159 Pac. 486, it was held that a creditor was entitled to proceed by garnishment in the county courts of the state, under section 4822, Rev. Laws 1910; said · section being made applicable by virtue of section 1563, Stat. Okla. 1893, which was extended over and put in force by section 2 of art. 25 of the schedule to the Constitution. Therefore, this contention is without merit.

The contention that the proceedings were void and the court was without jurisdiction because no bond was given is likewise untenable. There appears in the record a bond in double the amount of the plaintiff's claim, which was filed and approved by the court clerk on the day the petition and affidavit for garnishment were filed. While this bond is entitled "attachment bond," the conditions thereof are substantially those required by section 4823, Rev. Laws 1910. No objection was made to the form or sufficiency of this bond in the trial court, but the garnishee answered on the merits, and the action went to judgment on other grounds. It is now too late for the gar-

nishee to object to the judgment for any alleged insufficiency of the bond which the court could have permitted the plaintiff to remedy at any time. Logan v. Goodwin, 104 Fed. 490.

An examination of the record discloses that the findings of fact are supported by the evidence, and that the conclusions of law based thereon are correct, and as no reversible error appears in the record, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and KANE, McNEILL, KENNAMER, and BRANSON, JJ., concur.