GROSS v. ALEXANDER et ux.

No. 29561.   May 28, 1940.

Rehearing Denied July 2, 1940.

*103 P. 2d 929.*

Hubert Hargrave, of Wewoka, for plaintiff in error.

J. T. Criswell, of Seminole, for defendants in error.

PER CURIAM. This action was commenced by the defendants in error, hereafter referred to as plaintiffs, against the plaintiff in error, individually and as administratrix of the estate of G. V. Gross, deceased, and others not here involved, hereafter referred to as defendant, to recover a money judgment on a promissory note and to foreclose a real estate mortgage given to secure the indebtedness evidenced by said note. The defendant filed an answer wherein she denied under oath that she had executed the note or the mortgage, and wherein she further alleged that the mortgage was void for the reason that it covered lands which were the homestead of said defendant and her deceased husband, G. V. Gross. Upon the issues thus framed, trial was had to the court without the intervention of a jury. The court found in favor of the plaintiffs and gave them money judgment and ordered the mortgage foreclosed. The defendant filed a motion for new trial wherein, among other things, she alleged that the court had erred in permitting A. S. Wells to represent the plaintiffs in said action and to testify as a witness for the reason that he had previously represented the defendant and her then husband in litigation which involved the lands here in suit; and that the judgment was not sustained by sufficient evidence and that the court erred in finding that the defendant had executed the note and mortgage. The aforesaid motion was overruled and denied, and defendant has perfected this appeal.

As grounds for reversal of the judgment the defendant urges:

"1. That the trial court erred in permitting A. S. Wells to represent plaintiffs in the trial of this case, when it involved the same transactions between the same parties, in which A. S. Wells represented this defendant in a former case.

"2. That the court erred in permitting A. S. Wells to testify as to the facts in this case, and to the conduct and action and testimony of the defendants, when A. S. Wells represented this defendant in a former case involving the same matters.

"3. That the judgment of the court is not sustained by sufficient evidence.

"4. That the court erred in finding that the weight of the evidence supported the allegations that Lola Gross signed the note and mortgage sued upon herein."

The record shows that the plaintiffs were represented by the firm of Biggers & Wells and one A. S. Wells was permitted to testify without objection that he had represented the defendant and her deceased husband in a former action against the plaintiffs and in which action as a result of the settlement therein had the note and mortgage involved in this controversy had been prepared by him. Since, however, the defendant did not interpose any objection either to the appearance of the firm of Biggers & Wells as counsel for the plaintiffs, or to the competence of A. S. Wells to testify in said cause, until she had filed her motion for a new trial, she will be deemed to have waived her objection. Kaufman v. Boismier, 25 Okla. 252, 105 P. 326; Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 P. 157.

There is left for consideration the contentions that the judgment is not supported by sufficient evidence and that the court erred in finding that the defendant had executed the note and mortgage here involved. The action being one at law in which a jury was waived and the cause tried to the court, the judgment must be given the same effect as the verdict of a properly instructed jury. McConkey v. Brittain, 181 Okla. 53, 72 P. 2d 348; Sutherland v. Lambard-Hart Loan Co., 179 Okla. 486, 66 P. 2d 523. The mortgage was duly acknowledged, and the defendant had the burden of impeaching the certificate of acknowledgment. To this end she offered her uncorroborated testimony. It is well established that in order to overcome and to impeach certificate of acknowledgment to an instrument it is necessary that the proof be clear, cogent, and convincing. See Elliott v. Knappenberger, 177 Okla. 303, 58 P. 2d 1240, and cases therein cited. Measured by the rule so announced in

the above case, the evidence of the defendant was insufficient. Since trial was had to the court without the intervention of a jury, it will be presumed that all incompetent evidence was disregarded by the court rendering the judgment. A careful examination of the record reveals no reversible error.

Judgment affirmed.

BAYLESS, C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur.