AMERICAN CASUALTY CO. OF READING, PA., v. BLEVINS.

No. 33831.    Sept. 26, 1950.

*223 P. 2d 347.*

John R. Couch and Paul C. Duncan, both of Oklahoma City, for plaintiff in error.

Williams, Ford & Crandall and Charles D. Scales, all of Oklahoma City, for defendant in error.

O'NEAL, J. This is an appeal from a judgment of court of common pleas of Oklahoma county, in an action by defendant in error, herein referred to as plaintiff, against plaintiff in error, herein referred to as defendant, to recover indemnification under the provisions of an insurance policy denominated as "Special Hospital Expense Policy."

The action was commenced in justice of the peace court where judgment was for plaintiff, and defendant appealed to the court of common pleas of Oklahoma county, where, upon trial de novo, to the court without a jury, judgment was for plaintiff, and defendant appeals.

The assignments of error are that the court erred in not rendering judgment for the defendant; that the court erred in overruling · the demurrer of defendant to the evidence and proof of plaintiff, and that the court erred in entering judgment for the plaintiff.

The policy insures plaintiff and promises to pay hospital indemnity for loss resulting from injury, or caused by sickness, when the injury, or sickness, during the term of the policy, caused insured to be necessarily confined to a legally constituted hospital or sanitorium, and treated by a legally qualified physician or surgeon, or osteopathic physician or surgeon, at the rate of $6 per day for not exceeding 45 days as the result of any one accident or sickness, and miscellaneous expenses actually incurred, including X-ray examination, anaesthetics, laboratory, operating room, dressings, drugs and medicine during such period of

confinement and for ambulance service to and from the hospital, not to exceed in the aggregate $24 as the result of any one accident or sickness.

The claim, as shown by the hospital bills, is for room for 15 days from December 20, 1946, to January 4, 1947, at $6 per day; laboratory fee and patheological examination, $17; drugs and dressing, $5.35; X-ray $15, and electrocardiograph, $5, a total of $132.35.

The sole question presented is that the court erred in overruling the demurrer of defendant to plaintiff's evidence in that the plaintiff failed to prove that notice was given defendant of the alleged sickness as provided in the policy.

Briefly, the evidence is that plaintiff took sick December 20, 1946, and was placed in St. Anthony Hospital in Oklahoma City the same day, where he remained under the care and treatment of Dr. Harry Daniels until January 4, 1947. He was then released and was confined to his home, most of the time in bed, until March 2, 1947, when he was taken to the Mayo Clinic at Rochester, Minnesota, where he remained until March 20, 1947.

The policy contains a provision that:

"Written notice of injury on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury, or within ten days after commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the Company."

And:

"Such notice given by or in behalf of the Insured or Beneficiary as the case may be, to the Company at Reading, Pa., or to any authorized agent of the Company, with particulars sufficient to identify the Insured, shall be deemed to be notice to the Company. Failure to give notice within the time provided in this Policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

No written notice of plaintiff's sickness was given the defendant until the proof of loss was filed June 26, 1947. There was some evidence of actual oral notice through plaintiff's wife and son, but that, of course, was insufficient.

Defendant contends that written notice was not given to the company within ten days after the commencement of disability from plaintiff's illness and asserts that the evidence is therefore insufficient to sustain plaintiff's claim, and that it was error to overrule defendant's demurrer thereto.

The policy provides that "failure to give the written notice within the time provided in the policy shall not invalidate any claim, if it shall be shown not to have been reasonably possible to give such notice and that the notice was given as soon as it was reasonably possible." There is evidence tending to show that plaintiff was totally disabled by reason of his sickness from December 20, 1946, to June 24, 1947. Plaintiff testified that he was totally disabled during all that time; that he was not able to go to town from December 20, 1946, to June 24, 1947; that on June 24, 1947, the first day he was able to leave his home, he did go to the office of the Frates Insurance Company, the issuing agency of the company, and there talked with the manager of such agency concerning his right to indemnity under the policy. The proof of loss in writing was given June 26, 1947. The proof of loss contains a certificate by Dr. Daniels that plaintiff was totally disabled by reason of said sickness from December 20, 1946, to June 24, 1947. From the evidence the trial court was justified in its general finding in favor of plaintiff, which would include a finding that the written notice was given as soon as was reasonably possible. There was ample evidence to sustain plaintiff's claim in all other respects.

There being no other error com-

plained of, the judgment is affirmed.

CORN, GIBSON, LUTTRELL, and JOHNSON, JJ., concur.