## KANSAS, OKLAHOMA & GULF RY. CO. v. SEARCY et al.

No. 34723.   Jan. 8, 1952.

Rehearing Denied Feb. 5, 1952.

*240 P. 2d 440.*

Warren & Warren, Holdenville, and James D. Gibson, Muskogee, for plaintiffs in error.

Marvin Balch and Bob Rives, Holdenville, for defendant in error.

CORN, J. This action was begun in the justice court to recover the value of two animals run over and killed by defendant's freight train. Plaintiff Searcy's cause of action was for $95, the value of a mule.  Plaintiff Blaylock sought $100, the value of a horse.  The bill of particulars alleged the animals strayed upon the track without fault on plaintiffs' part, and were killed as a result of defendant's negligence: (1) in failing to maintain the cattle guard properly at the place where the animals strayed upon the track, by permitting the points of the cattle guard to become bent and by allowing grass and weeds to grow up thereunder: (2) in the operation of its trains.  Plaintiffs recovered judgment for the amount sued for, and defendant appealed to the district court.

In the district court defendant answered by general denial and plea of contributory negligence.  The matter was tried to the court, and judgment was rendered fixing plaintiffs' recovery at $70 for the mule and $80 for the horse.

The only question presented on appeal concerns the sufficiency of the evidence to support the judgment rendered.  The established rule is that, where a jury is waived, the trial court's findings are to be given the same force and effect as the verdict of a properly instructed jury.  And, while we will review a judgment based on conflicting evidence, this is only for the purpose of ascertaining whether such judgment is supported by competent evidence, and not for the purpose of determining the weight thereof. See Cities Service Gas Co. v. Eggers, 186 Okla. 466, 98 P. 2d 1114, and cases therein cited.

Defendant urges the total failure of the evidence to establish any positive act or breach of duty causing plaintiffs' loss.  In view of this we necessarily consider the following matters disclosed by the record.  These animals escaped from plaintiff Searcy's pasture through a defective fence, as to which defendant owed no duty of repair.  During the course of their meandering they came from a side road onto the road which ran south across defendant's track, and were killed by defendant's train, the exact place where they were struck being the principal controversy here.

Searcy testified he learned the following day that some horses had been killed on the railroad, and went to the scene. He there found indications that some stock had been killed· and that the remains had been buried from 40 to 70 yards east of the cattle guard, on defendant's right of way. He observed blood about eight or ten steps down the track and inside the cattle guard. The prongs of the cattle guard were bent down, so that it was possible to walk across it without stepping upon upright points.

Plaintiffs' witness, Robertson, testified that he observed the condition of the cattle guard and that some of the points were flattened and grass was growing up in the guard. He also examined the track east of the guard and found evidence of blood along the ties and that something had been buried along the track. Witness further testified that some ten feet east of the cattle guard the gravel was stirred up as though from walking or running. On cross-examination he admitted he did not know what made the tracks.

The engineer, fireman, and another employee who was riding in the engine cab at the time of the accident, all gave substantially the following testimony. The train was traveling about 40-45 miles per hour and the whistle had been sounded at the regular whistling post and then continuously from that point to the crossing; when about 1,000 feet away they observed some stock run up to the crossing, then turn back out of sight; as the train reached the crossing the mule and the horse ran onto the track where they were struck by the engine, thrown over the cattle guard and dragged along the track. The horse appeared to be trying to jump the cattle guard, but was thrown over it by the engine. The witnesses were positive in their testimony that the animals ran onto the crossing and were struck by the train at that point.

A section crew which was proceeding down the track close behind defendant's train found the dead animals and buried the remains. The foreman testified the dead mule was found some 50 feet east of the crossing, and it appeared the animal had been struck and knocked there, the body having skidded some distance after hitting the ground. The remains of the horse were found further down the track. The track ballast was raked up, hair was scattered along, and it appeared something had been dragged along the track to the point where the parts of the horse's body, which had been cut in two, were found. The witness also testified the cattle guard was in good condition, and that generally there was some vegetation growing under the cattle guards.

It is a well settled rule that evidence which reasonably tends to establish essential facts sufficient to sustain a judgment may be proved either directly, indirectly, or by permissive inferences. West v. Abney, 203 Okla. 227, 219 P. 2d 624. A jury was waived and this matter was tried to the court, who had the right to accept plaintiffs' evidence in determining the manner in which the accident occurred. There was testimony from which the court could, and did, find that the cattle guard was not in proper condition. Likewise, there was testimony from which the court could conclude that the animals were on defendant's track inside of the cattle guard at the time they were struck and killed (by defendant's train). It was within the trial court's province to conclude, in view of these circumstances, that the plaintiffs' stock were upon the track as a result of the faulty cattle guard, and that such condition was the proximate cause of the plaintiffs' loss. There being competent evidence reasonably tending to support the trial court's judgment, same will not be disturbed on appeal.

Judgment affirmed.

HALLEY, V.C.J., and DAVISON, JOHNSON, and BINGAMAN, JJ., concur. GIBSON, and O'NEIL, JJ., dissent.