GRIGG v. FEDERAL DEPOSIT INS. CORP.

No. 35047.   May 5, 1953.

*257 P. 2d 290.*

Fred W. Martin and G. F. Waggoner, Wagoner, for plaintiff in error.

Allen E. Barrow and T. Austin Gavin, Tulsa, for defendant in error.

PER CURIAM. In the trial court the Federal Deposit Insurance Corporation, as assignee of the American National Bank of Pryor, was plaintiff and E. B. Grigg was defendant. Reference will be made to the parties as they appeared in the trial court.

The American National Bank of Pryor became financially embarrassed by reason of embezzlement by one of its executives. For the protection of the depositors the assets of the bank were assigned to and taken over by the plaintiff. The $5,000 note and chattel mortgage here involved were among the assets so assigned to the plaintiff. Being unsuccessful in its efforts to collect the $5,000 plaintiff instituted replevin suit herein for possession of the livestock and various other items of personal property described in the mortgage, or for the value thereof in the amount of $5,000 with interest as provided by the terms of the note and mortgage.

Defendant first contended that the $5,000 note and mortgage were forgeries and denied his knowingly having executed either instrument and asserted that if the instruments contained his genuine signature that such signatures

were obtained without consideration. A hand-writing expert testified that the $5,000 note and mortgage, as well as a number of earlier notes, contained the genuine signature of the defendant. Trial by jury having been waived, the case was tried to the court and resulted in judgment in favor of the plaintiff as prayed in its petition.

On appeal to this court, the defendant complains of the failure of the trial court to have made certain specific requested findings of facts and conclusions of law, and further complains that the evidence was insufficient to support the judgment.

In the trial it was developed that the defendant had negotiated numerous banking transactions with the American National Bank of Pryor over a period of years. During the period from 1941 to April 10, 1946, the defendant had executed a number of notes to the bank. Several of the notes involved renewals of previous notes. According to the bank's records the $5,000 note here involved was executed to take up or renew previous notes to the bank.

Defendant filed written request for some twenty (20) separately numbered findings of fact and conclusions of law, including a requested finding as to whether the defendant executed the $5,000 note and mortgage and, if so, whether defendant received consideration therefor. Most of the remaining requests for special findings of facts and conclusions of law concerned the execution and consideration of previous notes not here involved. The trial court made written findings of fact and conclusions of law. Among the sixteen separately numbered findings of fact filed, the court found, among other things, that the $5,000 note and mortgage was duly executed by the defendant to merge and consolidate the unpaid balance of earlier notes and that the $5,000 note had been recognized by the defendant by his having paid interest thereon for more than two years without objection. The court made no findings in connection with certain of the earlier notes.

The trial court concluded that the defendant was indebted to the plaintiff in the sum of $5,000 with interest as provided by the note and that the indebtedness was secured by the chattel mortgage.

Defendant contended that he had paid a number of the earlier notes which made up a part of the $5,000 note. Apparently, in an effort to support this contention, defendant caused the taking of depositions of the defaulting bank executive who, on behalf of the bank, participated in all of the note transactions between the bank and the defendant. In the main, his testimony substantiates the position of plaintiff.

The contention of the defendant that the court should have made specific findings as to certain transactions which occurred between the defendant and the bank several years prior to the execution of the note and mortgage here involved is without merit. As hereinbefore noted, the court made numerous specific findings of facts including a finding that the note and mortgage here involved was genuine, executed for valuable consideration and was unpaid. The earlier transactions about which the defendant requested specific findings were immaterial to the issues involved.

It has been held many times by this court that a refusal to make special findings of facts and conclusions of law on nonessential issues is not error. See Curtin v. Moroney, 117 Okla. 276, 246 P. 232. We held in the case of Bradford v. Mayes Mercantile Co., 89 Okla. 31, 213 P. 743, that the trial court is merely required to state its findings on the material and controlling facts separately from the conclusions of law. In the case of Reed v. Richards & Conover Hardware Co., 188 Okla. 452, 110 P. 2d 603, this court said:

"The court is not bound to make separate findings concerning immaterial facts, nor is the court bound to find the material facts in any greater detail than is really necessary for the correct

decision, by a higher court, of questions of law involved in the case."

The defendant's complaint as to the sufficiency of the evidence to support the judgment is untenable. Where a jury is waived in a law action and the cause is tried to the court, the judgment will be given the same effect as the verdict of a properly instructed jury if reasonably supported by any competent evidence and will not be disturbed on appeal. See Gross v. Alexander, 187 Okla. 492, 103 P. 2d 929, and American Casualty Co. of Reading, Pa., v. Blevins, 203 Okla. 405, 223 P. 2d 347.

Defendant states further that the trial court erred by excluding competent, relevant and material evidence offered by the defendant and in the findings of various facts. Based on the evidence the trial court found that the defendant executed the $5,000 note and mortgage, that no alterations or additions were made thereto, and the principal thereof was unpaid. For a period of two years immediately preceding the closing of the bank, the defendant, without protest, paid interest on the $5,000 note here involved. The depositors of the bank as well as the Bank Examiner and all other interested parties were put on notice that the defendant acknowledged that he owed the bank for this $5,000 note. It would have been inequitable for the trial court to have allowed the defendant to show any facts other than those that would be material to a determination of the questions here involved.

Where a case is tried on conflicting evidence, this court will not on appeal weigh evidence or determine credibility of witnesses, that question being one for the trial court. Graff v. Holliday, 172 Okla. 503, 45 P. 2d 1065. It is well settled that on appeal evidence tending to support the judgment and every reasonable inference to be drawn therefrom will be indulged and contrary evidence rejected. St. Louis-San Francisco Railroad Co. v. Floyd. 146 Okla. 42, 293 P. 250, and 77 A.L.R. 1431.

The judgment of the trial court is sufficiently supported by the evidence and is not contrary to law.

Affirmed.

This court acknowledges the services of Attorneys Carland Smith, Charles B. Steele and Q. D. Gibbs, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.