TRAILMOBILE, Inc., Plaintiff In Error,

v.

C. B. YODER, Defendant in Error.

No. 36019.

Supreme Court of Oklahoma.

Dec. 20, 1955.

Hollis Arnett, Mangum, for plaintiff in error.

W. B. Garrett, Mangum, for defendant in error.

HUNT, Justice.

Trailmobile Company, Inc., brought this action in the District Court of Greer County against C. B. Yoder upon a promissory note in the amount of $5,804.96 and a conditional sale contract covering a Trailmobile van given as security for said debt, alleging that defendant had made default in payment of the last two installments provided for in said note and conditional sale contract in the total amount of $954.96 and praying for the possession of said Trailmobile van or its value.

Defendant filed a verified answer and cross petition denying that he owed plaintiff any sum in excess of $172.66, alleging that the note sued upon was usurious and praying for judgment for double the amount of usurious interest allegedly charged and attorney's fee.

A jury was waived and the cause was tried to the court. In support of his answer and cross-petition defendant's evidence is to the effect that on August 21, 1950, he signed a written purchase order agreeing to purchase the Trailmobile van here in question from plaintiff for the total sum of $7,190; in pursuance to this written order the trailer was delivered to him and on September 19, 1950, he made a down payment of $1,797.50 and executed his negotiable promissory note for the balance of the purchase price of $5,392.50, under the terms of which he agreed to pay said sum in three equal monthly payments of $1,797.50 each, beginning October 19, 1950, with interest after maturity at the highest lawful rate, non-payment of any installment accelerating the due date of any remaining installments; contemporaneously with the execution of this note and as security therefor he executed a conditional sale contract under the terms of which title to the van remained in the seller until fully paid for, upon default in any payment the entire amount became due and seller could take immediate possession and sell the chattel for the balance due plus costs, and the buyer agreed to pay any deficiency remaining after such sale proceeds were applied to the balance due and costs; that he was unable to pay the installment maturing on October 19, 1950, in the amount of $1,797.50; that he paid $600 on said installment on November 8, 1950, leaving a balance due on the note at that time of $4,792.50; that at that time he asked the Trailmobile branch manager if the payments could be extended over a period of a year and the branch manager said they could but the company would have to have more interest because it would have to discount the paper, and after figuring awhile

prepared another note and conditional sales contract calling for payment of approximately $1,875 more than the original contract; that defendant told the branch manager he would be willing to pay 12 per cent interest on the balance due in order to get the time extended for a year but would not pay the amount demanded and returned home; that a few days later the branch manager called him over long distance telling him he had refigured the amount down to the way defendant wanted to pay it and was mailing the papers to him for his signature; that when he received the papers he saw that the new note and conditional sales contract called for payment of $5,804.-96 in 11 equal monthly payments of $485 and one final payment of $469.96; that, forgetting about the additional $600 payment which he had made after the down payment, he figured this sum would amount to about 12 per cent interest on the balance due after the down payment and signed the new note and mortgage and returned them to plaintiff; that thereafter he made 10 successive monthly payments of $485, and then offered to pay plaintiff the sum of $172.66, which would be the balance which he would owe upon the sale price of the trailer van calculated at 10% interest payable monthly, but the plaintiff refused to accept it, demanding instead the larger sum called for under the second note and mortgage; that plaintiff never at any time demanded possession of the trailer van and that the trailer had remained in his possession at all times; that the only price ever quoted to him on the trailer was the $7,190 price in August, which he at that time agreed to pay in three monthly installments; that plaintiff never at any time told him they would sell him the trailer at one price for cash and at a greater price on time; that the only thing plaintiff ever told him was that they had to have more interest on payment spread out over a year because they were having trouble operating and would have to sell the paper at a discount up north; that he paid what he thought was a lawful rate of interest, and when he had paid that amount he stopped; that the additional amount put in the second note and sales contract was not a sales price but to make up interest.

Plaintiff's evidence is to the effect that the list price of this particular trailer was $9,111; that on a 90-day transaction, such as the original one here, the company allowed a 32½ per cent discount, which would amount to $6,194.93; which figure, plus freight and excise tax plus some work done on the trailer in its shop, amounted to the $7,190 figure quoted defendant; that defendant did not meet the first installment due under the original note and sales contract and when contacted asked for a twelve-month extension; that defendant was told that in order to refinance the trailer on a 12 month basis the sales price would have to be refigured on the proper discount of 25 per cent, or $6,833.67, plus freight, excise tax, etc., as before, or an additional cost of $683, and a new note and conditional sales contract was made up accordingly and defendant signed same on that basis.

At the close of all the evidence both plaintiff and defendant filed written motions for judgment, plaintiff for possession of the trailer and defendant for double the amount of the illegal interest contracted for plus a reasonable attorney's fee. The court found that plaintiff had a special ownership in and was entitled to possession of the trailer by reason of the conditional sales contract dated September 19, 1950 (the original contract) to the extent of $212.62; that there was no usury charged in the conditional sales contract dated November 20, 1950, but further found that there was no legal consideration therefor and that same was void, and ordered that plaintiff recover possession of said trailer or the sum of $212.62 with interest from date until paid, attorney's fee and costs. Both parties filed motions for new trial, which were overruled. Plaintiff appeals and defendant cross-appeals.

■ Plaintiff states that the only issue in this case is whether a seller of a chattel can sell a chattel to the same buyer, once for a cash or 90-day price, and then on default of the buyer, resell it to him on longer terms at a higher price. In this connection it is urged that the original note and condi-

tional sale contract was rescinded and a new contract for a larger price and note executed; that the usury laws have no application to sales, only to loans of money.

Under the statement of facts, above, plaintiff's theory that there were two sales of the same merchandise, one for a cash price and later one for a credit price, cannot stand. At the time defendant bought the trailer it was understood to be a credit sale; no mention was made of plaintiff's intention to give a smaller discount and thus raise the sales price if payment were deferred for more than the three months agreed upon. Defendant made the agreed down payment, took possession of the trailer, and gave his note for the balance due. The transaction was complete at that time. Under the terms of the conditional sales contract executed at that time defendant was absolutely bound to pay the sum agreed upon; the seller retained legal title as security for the note only; if the note became in default on any installment the seller could take possession of the chattel, sell the van, apply the proceeds to the unpaid balance and costs of sale, and defendant would still be bound to pay the deficiency, if any. The conditional sales contract was security for the negotiable promissory note which bore no interest until maturity and thereafter bore interest at the legal rate. At no time did the seller seek to exercise its remedies under this contract and note. When advised by defendant that he would need more time in which to pay his obligation, seller did not demand return of the chattel nor did defendant offer to return same. Both parties were seeking payment of the original obligation. There was no rescission of the original contract of sale; all the discussion between plaintiff and defendant was centered upon the amount of interest defendant should pay after the maturity of the original note. There is ample evidence to sustain the finding of the trial court that there was no consideration for the second note and mortgage and that same were void.

█ In a law action where jury is waived and cause tried to the court, judgment rendered there in will not be reversed on appeal if there is any evidence reason-ably tending to support the judgment. Williams v. Garrett, 208 Okl. 53, 254 P.2d 369; Grigg v. Federal Deposit Ins. Corp., 208 Okl. 419, 257 P.2d 290.

Defendant in error in his cross appeal contends that the second note and conditional sales contract were usurious and that he is entitled to judgment against plaintiff for double the amount of the overcharge, plus a reasonable attorney's fee, as provided by 15 O.S.1951, §§ 267 and 268. Having sustained the finding and judgment of the trial court that plaintiff herein is entitled to recover the balance due on the original contract of sale dated September 19, 1950, and that the second contract of November 20, 1950, was void, it necessarily follows that defendant cannot recover on his cross-petition, and the trial court correctly so held.

There is ample evidence herein reasonably tending to support the judgment of the trial court, and same is in all respects affirmed.

JOHNSON, C. J., and CORN, HALLEY and BLACKBIRD, JJ., concur.

WILLIAMS, V. C. J., and JACKSON, J., dissent.

WILLIAMS, Vice Chief Justice (dissenting).

I do not concur in the majority opinion, and seek to express hereby what I consider to be the correct view of this case.

Plaintiff contends that the trial court erred in finding that the contract dated November 20, 1950, was without consideration, and therefore void. I am of the opinion that such contention is well taken.

The evidence, which is for the most part undisputed, reveals the following factual situation. On or about September 15, 1950, defendant purchased the property in question from plaintiff for $7,190, payable $1,797.50 per month for three months commencing on October 19, 1950. The purchase order dated August 21, 1950, and the note and conditional sale contract dated September 19, 1950, were introduced in evidence. Defendant did not make the first installment payment when it came due, but

did make a payment of $600 on November 8, 1950. He did not make the second installment payment when it came due and there was at that time a balance due and owing to plaintiff from defendant of $4,792.50. Defendant, being unable to make the payments called for by the note and conditional sale contract, entered into negotiations with plaintiff with the view of having the payments placed on a monthly basis over a period of one year, instead of the 90 day basis previously agreed on. As a result of these negotiations, a new note and conditional sale contract dated November 20, 1950, were executed and entered into by the parties and the old note and conditional sale contract were returned to defendant by the plaintiff. The new conditional sale contract, which was introduced in evidence and is the contract sued on by plaintiff, shows a total consideration of $8,202.46, with initial payments of $2,397.50 (the exact amount paid on the first contract), leaving a balance of $5,804.96 payable in 11 equal successive monthly payments of $485 each and one final payment of $496.96. Defendant thereafter made ten successive monthly payments of $495 each, as agreed, but failed and refused to make the last two payments which were due on October 20, 1951, and November 20, 1951, respectively. There was therefore an unpaid balance of $954.96 under the provisions of the note and contract of November 20, 1950.

Defendant, while not disputing the above facts, pleaded that the note and contract of November 20, 1950, were obtained by fraud. No evidence was introduced in support of such contention however, and it has apparently been abandoned.

It is apparent that the parties here first entered into one contract of sale and then thereafter mutually rescinded such contract of sale and entered into a new contract of sale. Such new contract of sale was merely substituted, by mutual agreement, for the old contract of sale, and constituted a novation. A novation may be effected in three ways, one of which is by the substitution of a new contract or obligation between the same parties with intent to extinguish the old contract or obligation. State ex rel. Com'rs of Land Office v. Pitts, 197 Okl. 644, 173 P.2d 923; Martin v. Leeper Bros. Lumber Co., 48 Okl. 219, 149 P. 1140.

As previously indicated, the trial court refused to enforce the conditional sale contract of November 20, 1950, on the ground that it was void for lack of consideration, but did enforce the contract of September 19, 1950. In this the court erred, since the contract of September 19, 1950, had been mutually rescinded and neither party was asking that it be enforced. Furthermore, the contract of November 20, 1950, was not void for lack of consideration. A novation, just as any other contract, must be supported by consideration to be enforceable. However, the consideration need not be pecuniary, or even beneficial to the person promising. If it be a loss or even an inconvenience to the promisee, the relinquishment of a right, as the discharge of a debt, or the postponement of a remedy, it is sufficient. In the case at bar, the discharge of the note and contract of September 19, 1950, together with defendant's receipt of the right to continued possession of the property and an additional twelve months' time in which to pay for it constituted ample consideration for the contract of November 20, 1950. Sawyer v. Bahnsen, 102 Okl. 41, 226 P. 344.

It might also be observed that neither party pleaded or contended that the contract of November 20, 1950, was lacking in consideration and therefore void, and both parties agree that the trial court's judgment was in error in its holding in that regard.

Since the contract of November 20, 1950, was valid and supported by sufficient consideration, the extent of plaintiff's special ownership in the property involved should have been determined by the amount due thereunder, which undisputably was the sum of $954.96.

I am of the opinion the cause should be reversed with instructions to render judgment for plaintiff as prayed for, and I therefore respectfully dissent.