Veola LOFLIN, Plaintiff in Error,
v.
Aubert CAPPS, Defendant in Error.
No. 37874.

Supreme Court of Oklahoma.
June 24, 1958.

Henry M. Vance, Tahlequah, T. L. Gibson, Muskogee, for plaintiff in error.

Bliss & Bliss, Tahlequah, for defendant in error.

HALLEY, Justice.

This action was filed in the District Court of Cherokee County by Veola Loflin, herein referred to as plaintiff, against Aubert Capps, referred to as defendant, to quiet title in certain land in the City of Tahlequah. Parties occupy the same position here as in the lower court and will be so referred to.

Plaintiff alleged that she acquired her title to the land in the following manner: S. E. Capps and Ozenia Capps, husband and wife, formerly owned the land in equal shares, having acquired it through their joint efforts during their married life; that Ozenia Capps was her maternal aunt; that plaintiff's mother died when plaintiff was two years of age, and that she was taken into the home of S. E. Capps and wife, who had no children, and that she resided with them until she married in

1938; that in 1944, S. E. Capps and wife, being of advanced years, persuaded plaintiff and her husband to move into their home, live and assist in caring for them, and in consideration for such care, the Capps had or would make a joint will, by the terms of which, upon the death of the survivor of them the property here involved, which included their home, would become the property of plaintiff; that the Capps did make such a will on February 7, 1944, a copy of which was attached to plaintiff's petition.

Plaintiff further alleged that she and her husband, relying upon the above promises, moved into the home of the Capps and from that time until the death of the wife Ozenia Capps, plaintiff did the housework and cared for Ozenia Capps who was in failing health; that plaintiff furnished the major portion of the groceries for the house and also advanced various sums of money to S. E. Capps and wife to help them meet their obligations and for improving their home in the sum of $1,500 or $1,600.

Ozenia Capps died about April 13, 1947, and plaintiff and her husband continued to live with S. E. Capps and to care for him for about thirteen months, when he remarried and requested them to move away.

S. E. Capps died January 18, 1956, seized and possessed of the property involved, and that under the joint will of S. E. Capps and his first wife, such property became the property of plaintiff and that she is entitled to have her title thereto quieted as to defendant Aubert Capps, the second wife of S. E. Capps, and all other persons.

Plaintiff finally alleged that Aubert Capps claimed some interest in the property, but in fact had no interest and prayed that such defendant be enjoined from asserting any interest in the property. Plaintiff prayed that she have judgment quieting her title and enjoining defendant and those claming under her from asserting any interest therein, and for possession.

Defendant answered by general denial and adverse possession of the land for over fifteen years. She admitted that S. E.

Capps and Ozenia Capps were married in 1901, until the death of the latter in 1947, when she died testate by reason of her conjoint will of S. E. and Ozenia Capps, husband and wife, and that such will was admitted to probate and the interest of the deceased Ozenia Capps was distributed to S. E. Capps.

She alleged that on June 3, 1948, she and S. E. Capps were married and were husband and wife until his death; that after she married S. E. Capps in 1948 they made a conjoint will, revoking former wills by either of them, thus revoking the first will of S. E. Capps executed by Ozenia Capps; that the will of S. E. Capps dated November 5, 1949, was duly probated and all of the estate of S. E. Capps was bequeathed to the defendant; that she had administered the estate and the property here involved was duly bequeathed to the defendant as the sole devisee of S. E. Capps, deceased. Defendant plead res adjudicata and specifically denies the agreement alleged by plaintiff, and prays that title be adjudged to be in her free from any claim by plaintiff.

There is no serious conflict in the evidence on the issues material to the decision in this case.

■■■ The plaintiff first complains that the trial court failed to make findings of fact and conclusions of law as required by 12 O.S.1951 Section 611. After studying the record on this question we see that this matter of findings of fact and conclusions of law was considered by the court. The plaintiff submitted a form of journal entry which included findings that the court did not approve and the judge in open court announced that he would draw the journal entry himself and expressed himself in these words:

> " * * * I don't see any sense in finding anything except that the plaintiff, or whether or not the plaintiff sustained her cause of action as to the making of the contract. I am going to reject all of the other requested findings and draw my own journal entry setting up this theory."

We think that the findings of fact and conclusions of law found in the journal entry prepared and signed by the trial judge are sufficiently clear for all purposes and cover all facts material and necessary to support the conclusions. Plaintiff's contention of insufficiency is not well taken. See Thomas v. Owens, 206 Okl. 50, 241 P. 2d 1114, and Grigg v. Federal Deposit Ins. Corp., 208 Okl. 419, 257 P.2d 290.

■ The plaintiff maintains that the trial court erred in excluding plaintiff's evidence as to an alleged oral contract between Ozenia O. Capps and her husband, S. E. Capps, on the one hand and the plaintiff, Veola Loflin, on the other. The trial Judge in this case was very liberal in the matter of admitting testimony and we do not think that the plaintiff was prejudiced in any way by the exclusion of any evidence offered by the plaintiff.

We think that the plaintiff's third proposition, which is:

"Statements by Ozenia O. Capps made in the presence and within the hearing of S. E. Capps concerning matters affecting both persons, will be deemed to have been concurred in by him, in the absence of any denial thereof by him."

and her fifth proposition:

"S. E. Capps having made a will pursuant to a contract made with plaintiff for a consideration which he had accepted and received from plaintiff could not thereafter revoke the will and thereby deprive plaintiff of the benefits accruing to her under the will."

are not well taken because we agree with the trial court in its finding that the plaintiff failed to prove that a contract to bequeath property was entered into between the plaintiff and S. E. and Ozenia Capps. It must be borne in mind that the joint will of Ozenia and S. E. Capps was entered into on the 7th day of February 1944, at which time Veola Loflin was in Texas, near Camp Fannin, where her husband was stationed in the military service. Not one person testified that an oral contract was entered into between the parties before the will was executed, or that Veola Loflin ever agreed that she would abide by its alleged terms. We held in Jones v. Tautfest, 206 Okl. 380, 243 P.2d 1003, that before equity will enforce an oral contract to devise property, the proof of the contract must be so cogent, clear and forcible as to leave no doubt as to its terms and character.

As has been said Ozenia Capps died on April 14, 1947. Plaintiff took care of her from April 1944 until her death. S. E. Capps and the defendant Aubert were married on June 5, 1948. No contention is made that plaintiff worked for S. E. Capps after his second marriage. S. E. Capps and his second wife lived together until his death. Their marriage lasted seven years and seven months. However since we take the view that no contract was proven between the Capps and Veola Loflin we will not discuss the question of this failure of consideration in that Veola Loflin did not care for S. E. Capps after his second marriage.

■ No attempt was made to prove a contract between S. E. Capps and his first wife Ozenia to execute a joint will. It is well settled that the mere fact that a joint will is made between two persons does not prove that there was a contract to make such will. See Paull v. Earlywine, 195 Okl. 486, 159 P.2d 556. Attention is called also to Sparks on Contracts to Make Wills, page 27, where this statement is made:

"The clear weight of authority, and certainly the sounder view, is that the mere presence of either joint or mutual wills does not raise any presumption that they were executed in pursuance of a contract. * * *"

We quote another statement shown at page 28 of the same work:

"It is sometimes said that joint wills, that is to say the wills of two or more persons executed on one piece of paper as the will of each of them, having reciprocal provisions constitutes stronger evidence of a contract than do

similar provisions contained in two separate documents. The use of such pronouns as 'we,' 'our,' and 'us' in joint wills is often said to be indicative of a contract, especially where the property being disposed of is held by entireties or where it is referred to as joint property though actually held in severalty. Such language should be taken as nothing more than the normal and natural usage of two people attempting to execute two wills as one document. It indicates that they have talked over their testamentary plans and have agreed upon a certain scheme of disposition, but is completely silent as to whether or not a contract has been entered into. Such has been the position of the better reasoned opinions."

There was no contract to make a joint will between S. E. and Ozenia Capps proven.

The plaintiff's fourth proposition, that S. E. Capps never owned more than a life estate in Ozenia O. Capps' portion of this jointly acquired property, is raised for the first time on appeal. We think it should have been raised in the pleadings and at the trial but to us it is celar that S. E. Capps took the property under the will of Ozenia O. Capps.

Under Title 84, Section 52, O.S 1951, a conjoint or mutual will is valid but may be revoked by any of the testators in like manner as any other will. Paull v. Earlywine, supra.

Ozenia O. Capps undoubtedly desired that the property she and S. E. Capps owned at her death should go to her niece, Veola Loflin, if any remained at the death of S. E. Capps but the joint will she executed did not guarantee such. The property was devised to S. E. Capps and he had the power to dispose of it by will. We think the trial court arrived at the correct decision in this case.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.