**A. K. McBRIDE CONSTRUCTION COMPANY, a corporation, Plaintiff in Error,**

**v.**

**ARKHOMA STEEL ERECTION COMPANY, a corporation, Defendant in Error.**

No. 38337.

Supreme Court of Oklahoma.

Oct. 20, 1959.

Rehearing Denied Dec. 8, 1959.

Application for Leave to File Second Petition for Rehearing Denied Jan. 26, 1960.

542

Doerner, Rinehart & Stuart, William P. Huckin, Jr., Tulsa, for plaintiff in error.

Dyer, Powers & Gotcher, Harry L. Dyer, William K. Powers, Deryl L. Gotcher, Thomas G. Marsh, Tulsa, for defendant in error.

PER CURIAM.

A. K. McBride Construction Company alleged in its petition that it is and was an Arkansas Corporation qualified to do business in Oklahoma. That the defendant at the time the cause of action arose August 17, 1955, was an Oklahoma Corporation under the name of Jess Bailey, Inc., but its

Articles of Incorporation were amended October 28, 1955, whereby Jess Bailey, Inc., became Arkhoma Steel Erection Company. That plaintiff entered into an oral contract with defendant whereby plaintiff delivered its Lima Paymaster machine and furnished an operator to defendant upon an agreed rental of $15 per hour for an indefinite period of time, and then to be returned to plaintiff in good condition; that the operator of the machine was to be at all times under the direct control and supervision of defendant and in the special service of defendant; that while the machine was in the custody of defendant it was damaged; that the necessary and reasonable cost of repairs, including freight, on parts amounted to $1,144.66, and in addition thereto plaintiff was required to haul the damaged machine from Springdale, Arkansas to Fort Smith, Arkansas at a cost of $20, whereby plaintiff was damaged in the sum of $1,164.66.

The defendant in its answer, asserted that it did rent the machine from the plaintiff at a rate of $15 per hour and that as a condition of renting said machine, the plaintiff required and demanded that its own employee be used in the operation of the machine and that the injuries or damage caused to the machine were caused solely by reason of the negligence and inexperience of the operator who at the time was the servant, agent and employee of McBride and that Arkhoma was without authority or jurisdiction to direct and control the manner in which the machine was being operated by McBride's employee.

Trial by jury was waived by the parties and the cause was submitted to the court. After finding generally in favor of the defendant, judgment was entered for the defendant. After motion for new trial was overruled, the plaintiff perfected this appeal. The parties will be referred to as they appeared in the trial court.

■ Plaintiff contends the evidence shows that the machine was damaged solely by the negligence of defendant's riggers, and then states even if the evidence could possibly be construed as indicating any negligence on the part of the operator, the result would be no different, in that the defendant is still responsible because the operator at the time the machine turned over with the resulting damage was the special servant and employee of defendant. Thus, regardless of whether the operator of the machine was or was not negligent, the defendant is liable to plaintiff for the damage to the machine; that the riggers and operator of the machine were both employees of defendant and defendant is liable for their negligence. The contention of the defendant is that the relationship between the operator and defendant was that of an independent contractor and the operator at no time became the special servant or employee of the defendant; that the damage to the machine was the proximate result of and caused solely by the inexperience and negligence of the operator. Thus, the evidence presented a question of fact to be determined by the trial judge. See New v. McMillan, 79 Okl. 70, 191 P. 160; Palmer v. Skelly Oil Co., 129 Okl. 32, 263 P. 440; and City of Tulsa v. Randall, 174 Okl. 630, 52 P.2d 33. Under these circumstances, a review of the evidence is necessary.

Plaintiff's testimony disclosed it rented a Lima Paymaster ¾ yard machine to the defendant to pick up, move and set some tanks on a job at Springdale, Arkansas, for an agreed price of $15 per hour with the plaintiff furnishing and paying the operator of the machine. George Capps, the employee designated by plaintiff to operate the machine, reported to the foreman on the job; two tanks were moved and set in place. On the third tank, the riggers directed the picking up of the tank, the setting of the boom and directed Capps to walk the machine up the same incline he had used in moving the other two tanks; that in walking the machine, it toppled and fell over backwards. Capps also testified the boom was too straight up to walk up the incline but he followed the signals of the riggers; that with the boom that straight up it was dangerous but he did not make any suggestions or do anything about it, although he

felt he was doing wrong. That, had the boom been lower, the accident would not have happened.

Barney McMahon, a crane operator for defendant testified he saw the machine moving the tank at the time of the accident; that an operator usually follows the directions of the riggers but he uses his discretion at times; that he would follow the directions of the rigger if he felt it was safe. Leslie Smith testified he was a rigger and was giving directions to the operator the morning the accident occurred; that the load was boomed about the way the other two were and the machine started up grade and that the grade was not too steep.

From the record it appears the operator had complete and exclusive control of the machine and the operation thereof. The riggers, employees of the defendant, were assigned to assist him. In assisting him, they, by hand signals, "spotted" the machine where the tank could be picked up. After securing the lines around the tank, they gave signals to the operator to pick it up and then directed him where to set the tank. At no time did any of the riggers have anything to do with the operation of the machine. Defendant had no authority to discharge or replace the operator; only plaintiff had that right.

It is true that one who is the general employee of another may be loaned or hired by the master to another for some special service so as to become, as to that service, an employee of such third party. This was our holding in the case of Wylie-Stewart Machinery Co. v. Thomas, 192 Okl. 505, 137 P.2d 556. It is equally true that one who is a general employee may be loaned or hired by the master to another for some special service but still remain the employee of the master without ever becoming the employee of such third party. Under the facts presented in the case of Hodges v. Holding, 204 Okl. 327, 229 P.2d 555, we held the employee remained the employee of the master and did not become the employee of the third party.

The trial judge, by making a general finding in favor of the defendant, impliedly found that the operator of the machine at no time became the special servant or employee of the defendant. We have repeatedly held that where a judgment is based on a general finding, the judgment is deemed to include a special finding on any and all issues necessary to sustain the judgment. Anderson v. Hill, 205 Okl. 561, 239 P.2d 1016; Cloud v. Winn, Okl., 303 P.2d 305; Staner v. McGrath, 174 Okl. 454, 51 P.2d 795; Rain v. Balph, Okl., 293 P.2d 359; Wahby v. Renegar, 199 Okl. 191, 185 P.2d 184.

Where a jury is waived in an action at law and the cause is tried to the court, the judgment rendered will not be reversed on appeal if there is any evidence reasonably tending to support the judgment. See Trailmobile, Inc. v. Yoder, Okl., 292 P.2d 163; Givens v. Western Paving Co., Okl., 261 P.2d 450; Williams v. Garrett, 208 Okl. 53, 254 P.2d 369.

We find there is competent evidence reasonably tending to support the judgment of the trial court and the same is hereby affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.