Ruth JONES, Plaintiff in Error,

v.

John W. SIBLEY and Kathleen Kaye Sibley, Defendants in Error.

No. 38942.

Supreme Court of Oklahoma.

Feb. 28, 1961.

Gable, Gotwals & Hays, Tulsa, for plaintiff in error.

LeRoy Blackstock, John Robert Seelye, Tulsa, for defendants in error.

PER CURIAM.

Plaintiffs brought this action against the defendant for the return of $700 "earnest money" that they had deposited with said defendant, a real estate broker, in connection with a contract to sell their property located at 449 South 92nd East Avenue, Tulsa, Oklahoma. Plaintiffs pleaded that defendant had wholly failed to comply with the provisions of the referred-to contract by effecting a sale of the plaintiffs' property within the time fixed by the contract.

In her "Answer and Counterclaim", defendant pleaded in substance that during the time the contract was in force and effect said property was sold to another party; that this sale was by way of exchange of properties; that the value of the property plaintiffs acquired in the exchange was $17,-500; that under the provisions of her con-

tract with plaintiffs a commission of $875 was due and owing; that plaintiffs refused to pay said commission; that defendant set off the amount of commission owing her against the earnest money which plaintiffs sought to recover; that she sought judgment against the plaintiffs in the amount of $875.

To the answer and counterclaim, plaintiffs filed a reply and answer in which they alleged that the listing contract was cancelled and abandoned and in other respects denied the allegations of defendant's answer and counterclaim.

Following trial of the case to the court, judgment was rendered for plaintiffs for the return of the $700 and defendant was denied relief on her counterclaim.

The defendant contends the only question before the Court on this appeal is whether there was a modification of a written contract by an executed oral agreement, and says this case rests entirely on the following finding of the court:

"Said original contract * * * was further amended by an executed oral agreement between plaintiffs and defendant when they agreed to substitute the new home of plaintiffs on North Waco for the home on South 92nd Avenue in the Listing Contract."

The undisputed facts are: The plaintiffs entered into a written contract on the 2nd day of March, 1957, with the defendant, a real estate broker, to buy the property belonging to Mr. and Mrs. Jack Higbee, located at 655 North Waco, Tulsa, and plaintiffs made a deposit of $700 with the defendant as "earnest money". In the referred-to contract it was stated that "This sale was contingent on the sale of buyer's property located at 449 South 92nd East Avenue, Tulsa, Oklahoma, within 60 days from the date of this contract." In the month of April, 1957, while said contract was still in force and effect the plaintiffs traded the property they owned for property located at 722 North Waco and paid $425 commission to Jeff P. Nix Company.

One of the plaintiffs, Kathleen Kaye Sibley, testified in part as follows:

"I called her (meaning the defendant) and told her about the property, and I said that the man had wanted to trade for property out where we were located, and so she said, well, fine, to look at the house and to see what it was, and I did, and she asked me to get the key then so she and her mother could meet us back over there and she could inspect the property, which we did. They were all through the property, inside, out and she advised me to trade for it immediately. She was very discouraged with our property out at 449 South 92nd. She said we just could never sell it, and she thought she could sell this property at 722 North Waco, so she advised us to trade for it. She told me to have the contract drawn up and to call her and read her every word that was on the contract, which I did, I did nothing without her advice.

"Q. Did you later call Mrs. Jones again with regard to that contract? A. Yes, I did. It took me about twenty or thirty minutes to read her everything that was on it.

\* \* \* \* \* \*

"Q. Now then, would you please relate the entire conversation that you had between you and Mrs. Jones at that time with respect to the subject of the 92nd Street property and what was going to be done with it? A. She told me I would have to get in touch with the Higbees and get—all we would have to do is get the consent from them to switch the property from 449 South 92nd to the 722 property, and we would buy their property then contingent upon the sale of the Waco property. She said I would have to have that. So I called him and he sent us a letter stating that it would be all right. She said I would need nothing from her.

\* \* \* \* \* \*

"Q. And that was your understanding, that you were just to pay one commission when the house was sold? A. Yes.

"Q. And that is all the understanding you had? A. Yes."

The court admitted over defendant's objection a letter from defendant to the Higbees in which a new proposed agreement was submitted. This proposed agreement would have substituted the property at 722 North Waco for the property at 449 South 92nd East Avenue and would also have extended the sale period 60 days from April 17, 1957. The Higbees would not agree to the suggested extension of time and refused to execute the proposed agreement.

On rebuttal Mrs. Sibley testified:

"Q. Did Mrs. Jones ever demand a commission for the sale on this 92nd property? A. It was never mentioned. No commission was even mentioned until our contract had expired with the Higbees and I asked for my money back."

She testified further that after plaintiffs moved to the property at 722 North Waco the defendant undertook to sell said property but was unable to effect a sale thereof.

The defendant testified that Mrs. Sibley read the contract that plaintiffs entered into with the Higbees to her over the telephone but denied that she agreed to substitute the property located at 722 North Waco for the property located at 449 South 92nd East Avenue.

The evidence on the principal issue is conflicting. Therefore, a further discussion of the evidence is unnecessary for a determination of this case. We have repeatedly held that where the weight of the evidence has been decided in a law action, either by a jury or the judge, this Court will only review the evidence to ascertain if there is any evidence, or reasonable inferences to be drawn therefrom, which tends to support the finding in the trial court.

In the third paragraph of the syllabus to Bullard et al. v. Caulk, 206 Okl. 353, 243 P.2d 691, 692, this is said:

"In a jury-waived law action, court's finding will not be disturbed because of insufficiency of evidence if any evidence reasonably tends to support the finding."

See also Roadway Express, Inc. v. Gordon, Okl., 277 P.2d 146.

In Kansas, Oklahoma and Gulf Ry. Co. v. Searcy et al., 206 Okl. 1, 240 P.2d 440, this was said in the body of the opinion:

"* * * The established rule is that, where a jury is waived, the trial court's findings are to be given the same force and effect as the verdict of a properly instructed jury. And, while we will review a judgment based on conflicting evidence, this is only for the purpose of ascertaining whether such judgment is supported by competent evidence, and not for the purpose of determining the weight thereof. * *"

In Grigg v. Federal Deposit Insurance Corp., 208 Okl. 419, 257 P.2d 290, 292, we had this to say in the body of the opinion:

"Where a case is tried on conflicting evidence, this court will not on appeal weigh evidence or determine credibility of witnesses, that question being one for the trial court. Graff v. Holliday, 172 Okl. 503, 45 P.2d 1065. It is well settled that on appeal evidence tending to support the judgment and every reasonable inference to be drawn therefrom will be indulged and contrary evidence rejected. St. Louis-San Francisco Railroad Co. v. Floyd, 146 Okl. 42, 293 P.2d 250, and 77 A.L.R. 1431."

After having reviewed the record, we are of the conviction that the evidence reasonably tends to support the judgment appealed from.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.